SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
E-mail: crowley@seyfarth.com
Catherine Dacre (SBN 141988)
E-mail: cdacre@seyfarth.com
Matthew J. Mason (SBN 271344)
E-mail: mmason@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS (improperly named as KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNA GEBREGZI,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITAL, D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER, ANA HOUSE, AND LIONEL HOYTE,<br><br>Defendants. | Case No. _______________<br><br>**DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL**<br><br>[Alameda County Superior Court Case No. 24CV079321] |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant KAISER FOUNDATION HOSPITALS ("KFH" or Defendant) hereby removes the above-referenced action filed by plaintiff HANNA GEBREGZI ("Plaintiff") from the Superior Court of the State of California for the County of Alameda ("ACSC"), to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331,

1441, and 1446. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331, because it arises under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

**I. PROCEDURAL BACKGROUND**

1. On June 7, 2024, Plaintiff filed a Complaint for Money Damages ("Complaint") against Defendant in the Superior Court of California, County of Alameda ("ACSC"), Case No. 24CV079321, entitled, "*HANNA GEBREGZI, CLAIMANT, v. KAISER PERMANENTE LLC, ANA HOUSE, AND LIONEL HOYTE, RESPONDENTS*" (the "Complaint"). Plaintiff never served the initial Complaint on any defendant.

2. On August 5, 2024, Plaintiff filed an "Amended Complaint for Money Damages" ("Amended Complaint"). Plaintiff served the Amended Complaint on Defendant herein on August 7, 2024. The ACSC docket reflects that only Defendant herein has been served with the Amended Complaint. (Declaration of Matthew Mason in Support of Defendant Kaiser Foundation Hospitals' Notice of Removal ("Mason Decl."), ¶ 7).

3. The Amended Complaint alleges seven causes of action for: (1) Harassment in Violation of CA FEHA (Gov. Code Sec 12923, 12940(J)); (2) Discrimination in Violation of CA FEHA (Gov. Code Sec. 12900-12951, 12927-12928, 12955-12956.1 & 12960-12976); (3) Retaliation in Violation of CA Lab. Code Sec. 11021; (4) Workplace Defamation; (5) Constructive Discharge; (6) Constructive Termination; and (7) Breach of Employment Contract.

4. Attached hereto as **Exhibit A** are true and correct copies of the (1) Summons and Complaint; (2) Civil Case Cover Sheet; (3) Notice of Case Management Conference and Order; (4) Certificate of Mailing; and (5) Notice of Case Assignment served on Defendant KFH on August 7, 2024.

5. On September 5, 2024, Defendant filed an Answer to Plaintiff's Amended Complaint in the Superior Court of California, County of Alameda. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.

6. Other than **Exhibits A-B**, Defendant is not aware of any other "process, pleadings and orders" in the state court action. *See* 28 U.S.C. § 1446(a). (*See* "Mason Decl." ¶ 5).

7. The Superior Court of California for the County of Alameda scheduled a Case Management Conference for October 24, 2024 at 2:30 p.m. in Department 517. Other than the Case Management Conference, there are no other proceedings scheduled in the Superior Court. There have been no appearances or proceedings to date. (*See* Mason Decl. ¶ 6).

8. As the ACSC docket reflects only service on KFH, all defendants who have been properly joined and served consent to removal. *See* (Mason Decl. ¶ 7); 28 U.S.C. § 1446(b)(2); *see also* *Baiul v. NBC Sports*, 732 F. Appx 529, 531 (9th Cir. 2018); *Dechow v. Gilead Sciences, Inc.*, 358 F. Supp. 3d 1051 (C.D. Ca. 2019).

## II. FACTUAL BACKGROUND

9. Plaintiff began working for KFH on or around July 11, 2016 as a Staff Nurse II. (Declaration of Tiffany Vandevoir in Support of Defendant Kaiser Foundation Hospitals' Notice of Removal ("Vandevoir Decl.") ¶ 3).

10. Plaintiff's employment with KFH was at all relevant times in the Amended Complaint governed by a Collective Bargaining Agreement ("CBA") between the California Nurses Association (the "Union"), KFH, and The Permanente Medical Group, Inc. ("TPMG"). (Am. Compl. ¶ 28; *see also* Vandevoir Decl. ¶¶ 2-6).

11. Throughout Plaintiff's employment with KFH (from on or around November July 11, 2016 to the present), there were three applicable CBAs in effect. (*See* Vandevoir Decl. ¶¶ 2, 4-6). The first was entered into by and amongst the Union, KFH, and TMPG, and was effective between (and including) the dates of September 1, 2014 and August 31, 2017. (*See* Vandevoir Decl. ¶ 6, Exhibit C). This Collective Bargaining Agreement governed the terms of Plaintiff's employment with KFH from the beginning of her employment through August 31, 2017. (*See* Vandevoir Decl. ¶ 6). A true and correct copy of the relevant portions of this Collective Bargaining Agreement is attached as Exhibit C to the Declaration of Tiffany Vandevoir.

12. The second CBA was entered into by and between the Union, KFH, and TMPG, and was effective between (and including) the dates of September 1, 2017 and August 31, 2022. (*See* Vandevoir Decl. ¶ 5, Exhibit B). This Collective Bargaining Agreement governed the terms of Plaintiff's

employment with KFH from September 1, 2017 through August 31, 2022. (*See* Vandevoir Decl. ¶ 5). A true and correct copy of the relevant portions of this Collective Bargaining Agreement is attached as Exhibit B to the Declaration of Tiffany Vandevoir.

13. The third was the Collective Bargaining Agreement between the Union, TMPG, and KFH, which became effective September 1, 2022 and is currently in effect through August 31, 2026. (*See* Vandevoir Decl. ¶ 4, Exhibit A). This Collective Bargaining Agreement has governed the terms of Plaintiff's employment from September 1, 2022 to the present. (*See* Vandevoir Decl. ¶ 4). A true and correct copy of the relevant portions of this Collective Bargaining Agreement is attached as Exhibit A to the Declaration of Tiffany Vandevoir.

14. Plaintiff's Amended Complaint contains very few factual allegations. She alleges that she had a verbal confrontation with a co-worker, and then the following day, a fellow employee accessed her private email account through the Kaiser computer system and forwarded a confidential email to management personnel. (Am. Compl. ¶¶ 1-2). She alleges she was later verbally attacked and confronted by her manager, which forced her to leave work for the day. (*Id*. ¶ 3). Plaintiff alleges she was placed on administrative leave as a "direct result of [her] vocal opposition to unsafe workplace practices and the unethical behavior of specific management individuals." (*Id*. ¶ 4). She further alleges that management's accusations against her regarding job abandonment and workplace harassment remain unsubstantiated, and that she has been suspended with pay, all the result of retaliatory actions by KFH. (*Id*. ¶¶ 4-5).

15. Plaintiff references the above-mentioned alleged incidents in her Third Cause of Action for Retaliation, alleging that she "made reports to appropriate personnel at her workplace about safety conditions at the workplace." (Am. Compl. ¶ 18). In her Fourth Cause of Action for Workplace Defamation, Plaintiff alleges the defendants "defamed her via the workplace investigation process." (*Id*. ¶ 20). In her Fifth and Sixth Causes of Action for Constructive Discharge/Termination, Plaintiff alleges she was "the subject of a highly bias[ed] and wrongful workplace investigation." (*Id*. ¶¶ 23, 26). Finally, in her Seventh cause of Action for Breach of Employment Contract, Plaintiff alleges that "[a]s part of the nurses' union, [Plaintiff] has an employment and collective bargaining agreement [by] which

Respondent is to abide." (*Id.* ¶ 28). She alleges that KFH "violated the employment and collective bargaining agreement in their conduct with [Plaintiff] specifically with how [KFH] has retaliated, conducted their investigation, and kept [Plaintiff] on indefinite leave." (*Id.* ¶ 29).

**<u>TIMELINESS OF REMOVAL</u>**

16. This Notice of Removal is timely because KFH was served with the Summons and Amended Complaint on August 7, 2024, and it is filing this Notice of Removal on September 6, 2024, which is within 30 days of service. 28 U.S.C. § 1446(b).

**<u>FEDERAL QUESTION JURISDICTION – LABOR MANAGEMENT RELATIONS ACT SECTION 301 (29 U.S.C. 185), *ET. AL.*</u>**

17. The Court has now, and has at all times since the Amended Complaint was served, original jurisdiction of this action under 28 U.S.C. § 1331, because Plaintiff invokes federal question jurisdiction by claiming that Defendant failed to follow, and breached, the CBA by (1) failing to appropriately conduct an investigation of Plaintiff's internal complaints of unsafe patient practices, unprofessional/unethical management behavior and safety conditions at the workplace (Am. Compl. ¶¶ 4-5, 18); (2) accusing Plaintiff of job abandonment and workplace harassment and failing to follow the protocols of the CBA during KFH's investigation of Plaintiff's actions (*Id.* ¶¶ 4, 27); (3) defaming Plaintiff through KFH's investigation of her conduct (*Id.* ¶ 20); (4) failing to address Plaintiff's alleged reporting of breach of privacy violations to Compliance and Human Resources regarding the "hacking" of her email account (*Id.* ¶¶ 2, 5); and (5) inappropriately placing Plaintiff on an indefinite leave of absence (*Id.* ¶¶ 4-5, 29).

**A. Plaintiff Claims An Express Breach Of The CBA, And Federal Courts Have Jurisdiction Over Such Claims.**

18. Federal courts have jurisdiction over claims under the LMRA for breaches of collective bargaining agreements. LMRA § 301, codified at 29 U.S.C. § 185 ("Section 301"); *see, e.g., K.V. Mart Co. v. UFCW Local 324*, 173 F.3d 1221, 1223-1225 (9th Cir. 1999). Section 301 provides that: "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties without regard to the amount in

controversy or without regard to the citizenship of the parties." *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000); *see also Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1988) ("Section 301 . . . creates a federal cause of action for beach of collective bargaining agreements"). In short, any claim based on the violation of a collective bargaining agreement is subject to federal jurisdiction. *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1992) (Section 301 preempts claims "founded directly on rights created by collective bargaining agreements").

19. Here, Plaintiff *expressly* asserts that KFH breached the parties' CBA by conducting a "bias[ed] and wrongful" investigation into allegations of job abandonment and workplace harassment by Plaintiff, defamed her in the process, and placed her on a paid administrative leave as a result. (Am. Compl. ¶ 20, 23, 26, 29). She further alleges that KFH violated the CBA by retaliating against her for making complaints about unsafe patient practices, unsafe workplace practices, safety conditions, and unethical behavior from management. (*Id.* ¶¶ 3-4, 18, 29). In fact, her Seventh Cause of Action for Breach of Employment Contract is based entirely on the allegation that KFH "*violated the employment and collective bargaining agreement in their conduct with [Plaintiff].*" (*Id.* ¶ 29 *(emphasis added)*).

20. Because the Amended Complaint specifically alleges various violations of the CBA, this Court has jurisdiction over this case pursuant to Section 301. *Miller*, 850 F.2d at 545 ("Federal laws govern suits brought for beach of a collective bargaining agreement, even if brought in state court"); 29 U.S.C. § 185(a).

**B. Plaintiff's Claims Necessarily Require An Interpretation Of The CBA.**

21. Section 301 preempts state-law claims "that are substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). In other words, any state claim may be removed if the court must interpret the parties' collective bargaining agreement to resolve the dispute between a Plaintiff and Defendant with regard to Plaintiff's causes of action. *Metropolitan Life, Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542 (1987); *Adkins v. Mireles*, 256 F.3d 531, 534 (9th Cir. 2008) (Section 301 preempts state law claims that require a resolution of the meaning of a CBA); *Newberry v. Pacific Racing Association*, 854

F.2d 1142, 1146 (9th Cir. 1988) ("The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement."); *Young v. Anthony's Fish Grottos, Inc.*, 830 F. 2d 993, 997-98 (9th Cir. 1987) (Section 301 preemption supplants state claim with federal claim); *Greenly v. Sara Lee Corp.*, No. CIV S-06-1775 WBS EFB, 2008 WL 1925230, at *21 (E.D. Cal. Apr. 30, 2008) ("The United States Supreme Court has articulated that 'where the right [at issue in the lawsuit] is created by state law [but the application of state law] requires the interpretation of a [CBA],'" state law claims are preempted by Section 301).

22. Here, several of Plaintiff's Causes of Action are "substantially dependent upon analysis" of the CBA governing Plaintiff's employment. *Allis-Chalmers Corp.*, 471 U.S. at 211.

23. Plaintiff's Third Cause of Action (retaliation) directly alleges retaliation in violation of the CBA and clearly implicates the CBA. It requires interpretation of the relevant portions of the CBA to resolve Plaintiff's claim because she alleges she was subjected to the alleged retaliation because of her alleged "reports to appropriate personnel at her workplace about safety conditions at the workplace." (Am. Compl. ¶ 18). She further incorporates her allegations of retaliation in her Seventh Cause of Action by explicitly stating that KFH breached the CBA "with how [KFH] has retaliated." (*Id.* ¶ 29.) Plaintiff's retaliation claim depends on whether the alleged conduct about which she complains does in fact violate the CBA and thus implicates and requires the Court to interpret and apply the CBA.

24. In her Fourth Cause of Action for Workplace Defamation, Plaintiff clearly implicates violations of the CBA. (Am. Compl. ¶ 20). Plaintiff explicitly alleges KFH "defamed her via the work place investigation process" by disparaging her performance of her duties as a nurse, evaluation of which requires interpretation of the CBA. (*Id.*) By implicating the investigation of her own conduct, Plaintiff necessarily requires the Court to interpret the CBA with regard to how the investigation was conducted, what was said and by whom, whether the statements about her conduct were true and/or opinions, and to whom any statements might have been published. (*Id.*)

25. Plaintiff's Fifth and Sixth Causes of Action for Constructive Discharge and Constructive Termination also unquestionably implicate violations of the CBA (although as of the date of this filing,

Plaintiff is still employed by Defendant). By alleging that she was the victim of a *wrongful* workplace investigation, Plaintiff necessarily requires an assessment of the propriety of the investigation into her conduct under the terms for such investigations under the CBA. (Am. Compl. ¶¶ 4, 23, 26).

26. Finally, Plaintiff's Seventh Cause of Action is, in fact, a claim explicitly alleging that KFH "*violated the employment and collective bargaining agreement*" governing her employment. (Am. Compl. ¶ 29 *(emphasis added)*). Not only does Plaintiff directly allege KFH violated the CBA, but she further incorporates her allegations of retaliation, wrongful investigation and being improperly kept on an indefinite leave of absence, alleging those actions also constitute violations of the CBA. (*Id.*)

27. In sum, Plaintiff's causes of action for retaliation, workplace defamation, constructive discharge, constructive termination, and breach of employment contract are based on Plaintiff's contention that Defendant breached the CBA. Therefore, the Court will necessarily need to analyze and interpret the CBA to determine whether Plaintiff's third, fourth, fifth, sixth and seventh causes of action have any merit. Consequently, LMRA § 301 mandates removal here.

**C. Defendant's Defenses Will Also Necessarily Require Interpretation Of The CBA.**

28. Section 301 preemption applies even where an interpretation of the CBA is required to evaluate only the employer's defenses to a state law cause of action. *See Audette v. International Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999) (civil rights claim preempted where interpretation of agreement was required in evaluating employer's *defense* that it had a legitimate non-business reason for its actions.)

29. Here, any defenses Defendant pleads will necessarily require an interpretation of the CBA. For example, in order for Defendant to defend its right to investigate Plaintiff's behavior and conduct and place her on an administrative leave under the terms of the CBA, they will have to point to the section(s) in the CBA that list the reasons they may, with or without good cause, conduct an investigation and make a determination of an appropriate outcome within the parameters of the CBA with regard to Plaintiff's conduct.

**D. Plaintiff's Claims Are "Inextricably Intertwined" With The CBAs.**

30. Plaintiff's third, fourth, fifth, sixth and seventh causes of action are further "inextricably intertwined" with the CBA and thus, even if the Court were to find that they do not "depend" on an analysis of the CBA, LMRA § 301 would still preempt those claims. *Allis-Chambers Cor. v. Lueck*, 471 U.S. 202, 213 (1985) (finding that a tort claim was preempted by § 301 because it was "inextricably intertwined" with the CBA); *see also Adkins*, 526 F.3d at 540-42 (intentional infliction of emotional distress and other tort claims are preempted by the LMRA because resolution of these claims would require an interpretation of the CBA); *Miller*, 850 F.2d at 545 ("Even suits based on torts, rather than breach of collective bargaining agreements, are governed by federal law if their evaluation is 'inextricably intertwined' with consideration of the terms of [a] labor contract.").

31. Here, it is clear that Plaintiff's retaliation, workplace defamation, constructive discharge, constructive termination, and breach of employment contract claims are "inextricably intertwined" with the CBA given that they rest soundly on her allegations that she faced retaliation that violated the CBA, and was wrongfully investigated and placed on an indefinite leave in defiance of the mandates of the CBA. (Am. Compl. ¶¶ 2-5, 18, 22-23, 25-26, 28-29).

32. Finally, a plaintiff may not avoid the preemptive scope of section 301 by styling her claims as common-law intentional torts. Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction simply by pleading a claim that can only be made under federal law as a state law claim. *See Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) ("[E]mployees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provision of the collective bargaining agreement . . . In such cases, the 'artful pleading' doctrine requires that the state law complaint be re-characterized as one arising under the collective bargaining agreement. The case may then be removed to federal court and adjudicated under the appropriate federal law."); *Newberry*, 854 F.2d at 1146 ("[T]he key to determining the scope of section 301 preemption is not based on how the complaint is framed, but whether the claims can be resolved only by referring to the terms of the bargaining agreement"); *Young*, 830 F.2d at 997 ("The district court . . . properly looked beyond the face of the complaint to determine whether the contract

claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction"); *see also Audette*, 195 F.3d at 1113.

33. For the foregoing reasons, section 301 preempts Plaintiff's third, fourth, fifth, sixth and seventh causes of action, and removal is proper here.

**SUPPLEMENTAL JURISDICTION – 28 U.S.C. § 1367(a)**

34. Even if the Court determines that one or more cause(s) of action does not raise a federal question based on section 301 preemption, it may exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a) since the claims arise as part of the same "case and controversy."

35. Specifically, the Court may exercise supplemental jurisdiction because all of the claims arise from the same "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). A plaintiff "may not escape federal labor law preemption by 'artfully' pleading their claims, avoiding references to preemptive federal law." *See Adkins, supra*, 526 F.3d. at 540 n.4 (citing *Hyles v. Mensing*, 849 F.2d 1213, 1215 (9th Cir. 1988)).

36. Here, Plaintiff's claims are all based on a "common nucleus of operative fact." In short, Plaintiff's allegations are as follows: (1) Plaintiff endured an "unprofessional and intimidating" confrontation from a non-managerial co-worker, (2) an unidentified person "hacked" her personal email and sent an email about unidentified topics to management, (3) Plaintiff's manager "verbally attacked and confronted" Plaintiff, causing Plaintiff to leave work for the day on one occasion, (4) Plaintiff made internal complaints about the alleged "hack" of her email, as well as unsafe workplace practices, patient practices, and unethical behavior by management, (5) Defendant retaliated against Plaintiff by conducting a "bias[ed] and wrongful workplace investigation" of Plaintiff's conduct and behavior, during which she was defamed, and (6) Defendant placed Plaintiff on an indefinite leave of absence. (Am. Compl. ¶¶ 1-5, 18, 20, 22-23, 25-26, 29). All of this allegedly occurred in the span of less than one month. (*See id.*)

37. Although Plaintiff makes only conclusory and factually unsupported allegations regarding her first and second causes of action for harassment and discrimination based on California law, Plaintiff's third, fourth, fifth, sixth and seventh causes of action all rely on some combination of the

facts alleged in the preceding paragraph. And as established throughout this Notice, Plaintiff's third, fourth, fifth, sixth and seventh causes of action either expressly rely on or implicate the CBA governing her employment with Defendant. This Court therefore has supplemental jurisdiction over any causes of action that do not implicate the CBA, and removal is appropriate in this case.

**NOTICE OF REMOVAL**

38. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the California Superior Court in the state court proceeding.

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California.

DATED: September 6, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: ______________________________
Christian J. Rowley
Catherine Dacre
Matthew Mason
Attorneys for Defendant
KAISER FOUNDATION HOSPITALS