SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
E-mail: crowley@seyfarth.com
Catherine M. Dacre (SBN 141988)
cdacre@seyfarth.com
Matthew J. Mason (SBN 271344)
mmason@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS (improperly named as KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNA GEBREGZI,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER, ANA HOUSE, AND LIONEL HOYTE,<br><br>Defendants. | Case No. _______________<br><br>**DECLARATION OF MATTHEW J. MASON IN SUPPORT OF DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL**<br><br>[Alameda County Superior Court Case No. 24CV079321] |

**<u>DECLARATION OF MATTHEW J. MASON</u>**

I, Matthew J. Mason, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California, and an attorney at the law firm of Seyfarth Shaw LLP, counsel of record for the defendant Kaiser Foundation Hospitals (improperly named as KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER)("KFH" or "Defendant"). I have personal knowledge of the facts set forth below and could and would competently testify to them if called as a witness in this matter.

2. On June 7, 2024, a Complaint by Plaintiff Hannah Gebregzi ("Plaintiff"), an individual, was filed against Defendant in the Superior Court of California for the County of Alameda, Case No. 24CV079321 (the "Complaint"). The Complaint was never served on Defendant. On August 5, 2024, Plaintiff filed an "Amended Complaint for Money Damages" ("Amended Complaint"). Plaintiff served Defendant with the Amended Complaint on August 7, 2024.

3. The Amended Complaint alleges the following claims: (1) Harassment in Violation of CA FEHA (Gov. Code Sec 12923, 12940(J)); (2) Discrimination in Violation of CA FEHA (Gov. Code Sec. 12900-12951, 12927-12928, 12955-12956.1 & 12960-12976); (3) Retaliation in Violation of CA Lab. Code Sec. 11021; (4) Workplace Defamation; (5) Constructive Discharge; (6) Constructive Termination; and (7) Breach of Employment Contract. True and correct copies of the summons, Amended Complaint, and the other court documents served on Defendants are attached to the concurrently filed Notice of Removal as **Exhibit A**.

4. On September 5, 2024, Defendant filed an Answer to Plaintiff's State Court Action in the Superior Court of California, County of Alameda. A true and correct copy of Defendant's Answer is attached to the concurrently filed Notice of Removal as **Exhibit B**.

5. Other than **Exhibits A-B** to the Notice of Removal, I am not aware of any other "process, pleadings, and orders" in the state court action. *See* 28 U.S.C. § 1146(a).

6. The Superior Court of California for the County of Alameda scheduled a Case Management Conference for October 24, 2024 at 2:30 p.m. in Department 517. Other than the Case Management Conference, there are no other proceedings scheduled in the Superior Court. There have been no court appearances or proceedings to date.

7. The Alameda County Superior Court docket reflects that, as of the time of the filing of the Notice of Removal, only defendant KFH has been served with the summons and complaint in this matter.

///

///

///

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 6, 2024 in San Francisco, California.

Matthew J. Mason

# Exhibit A

CSC

null / LABOR
**Transmittal Number: 29652164**
**Date Processed: 08/08/2024**

# Notice of Service of Process

**Primary Contact:** Erika Hernandez Ruiz
Kaiser Foundation Hospitals
1 Kaiser Plz
Fl 19L
Oakland, CA 94612-3610

**Electronic copy provided to:** Casey Freschi
Barbara Estrada
Evelyn Arias

| | |
|---|---|
| **Entity:** | Kaiser Foundation Hospitals<br>Entity ID Number 0460125 |
| **Entity Served:** | Kaiser Foundation Hospital d/b/a Kaiser Permanente Oakland Medical Center |
| **Title of Action:** | Hanna Gebregzi vs. Kaiser Foundation Hospital d/b/a Kaiser Permanente Oakland Medical Center |
| **Matter Name/ID:** | Hanna Gebregzi vs. Kaiser Foundation Hospital d/b/a Kaiser Permanente Oakland Medical Center (16093225) |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Alameda County Superior Court, CA |
| **Case/Reference No:** | 24CV079321 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/07/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Hackett Law Firm<br>415-410-9931 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

SUM-100

# Amended SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
08/05/2024
Chad Finke, Executive Officer / Clerk of the Court
By: D. Drew Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER, ANA HOUSE, AND LIONEL HOYTE,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

HANNA GEBREGZI,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda
24405 Amador Street Hayward, CA 94544

CASE NUMBER:
*(Número del Caso):*
24CV079321

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dylan Hackett PO Box 330168 San Francisco, CA 94133-0168 (415) 410-9931

DATE: *(Fecha)* 08/05/2024 Clerk, by *(Secretario)* Chad Finke, Executive Officer / Clerk of the Court, Deputy *(Adjunto)* D. Drew

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]




**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: **Kaiser Foundation Hospital D/B/A Kaiser Permanente Oakland Medical Center**

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

privacy, please press the Clear This Form button after y Print this form Save this form Clear this form

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
08/05/2024
Chad Finke, Executive Officer / Clerk of the Court
By: D. Drew Deputy

Electronically Received 08/05/2024 04:31 PM

Dylan Hackett (SBN: 329339), Chris Quattrociocche (331233)
The Hackett Law Firm
P.O. Box 330168
San Francisco, CA 94133
(415) 410-9931, (213) 782-8876
dylanhackett@hackettfirm.com, cquattrociocche@hackettfirm.com
*Attorneys for Claimant – Hanna Gebregzi*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| HANNA GEBREGZI,<br><br>CLAIMANT,<br><br>.<br><br>KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER, ANA HOUSE, AND LIONEL HOYTE,<br><br>RESPONDENTS, | Case No: 24CV079321<br><br>**AMENDED COMPLAINT FOR MONEY DAMAGES**<br><br>**1. HARASSMENT IN VIOLATION OF CA FEHA (GOV. CODE SEC. 12923, 12940(J))**<br>**2. DISCRIMINATION IN VIOLATION OF CA FEHA (GOV. CODE SEC. 12900-12951, 12927-12928, 12955-12956.1 & 12960-12976)**<br>**3. RETALIATION IN VIOLATION OF CA LAB. CODE SEC. 11021**<br>**4. WORKPLACE DEFAMATION**<br>**5. CONSTRUCTIVE DISCHARGE**<br>**6. CONSTRUCTIVE TERMINATION**<br>**7. BREACH OF EMPLOYMENT CONTRACT** |

HANNA GEBREGZI, the Claimant herein, hereby complains and alleges as follows:

**STATEMENT OF FACTS**

1. On February 12, 2024, my client was approached by Certified Nurse Assistant Yishamu Ayalew, whose demeanor was aggressive and accusatory in the presence of witnesses. Such behavior is unequivocally unprofessional and intimidating.

2. The following day, February 13, 2024, a Kaiser employee accessed my clients private email account without her authorization through the Kaiser computer system. This individual then forwarded a confidential email to management personnel Ana House and Suzzette Smith, and subsequently, a printed copy of this correspondence was discovered

in a breakroom by an Environmental Services employee. Despite my clients' protests, this breach of privacy persisted, culminating on February 14, 2024, when a copy of the same email was delivered to the Perioperative Director, Mr. Lionel Hoyte. My client promptly reported these violations to both Compliance and Human Resources.

3. However, the situation escalated further on February 27, 2024, when Ana House verbally attacked and confronted my client at the nursing station. The hostile environment created by this confrontation compelled my client to leave, as she felt her safety was compromised. Before my client's departure, she communicated her discomfort to Ana House and reported the incident to another manager, Mr. Harold Falcasantos, the Opera2on room manager, and his assistant manager, Esther.

4. Despite these egregious violations, those responsible continue their employment without interruption, yet my client has been placed on administrative leave. Several staZ members have provided witness statements corroborating these events, which I believe are a direct result of my client's vocal opposition to unsafe workplace practices and the unethical behavior of specific management individuals. The management team's accusations against my client regarding job abandonment and workplace harassment remain unsubstantiated. This conclusion is supported by witness statements and my client's own testimony, all of which were thoroughly examined during the extensive fact-finding meeting held on March 27, 2024.

5. On March 7, 2024, Ms. Gebregzi received a letter from Kaiser Permanente suspending her with pay. We suspect that these actions might be retaliatory in nature, potentially stemming from Hanna's reports concerning unauthorized access to her private email account via the Kaiser computer system, as well as her concerns regarding unsafe patient practices and unprofessional management behavior. These issues may also be

intertwined with broader concerns related to transnational repression, particularly given Ms. Gebregzi's commendable activism for human rights beyond her role at Kaiser Permanente.

## LEGAL ANALYSIS

### FIRST CAUSE OF ACTION

**(Harassment In Violation of CA FEHA (Gov. Code Sec. 12923, 12940 (j))**

6. The California Fair Employment and Housing Act (FEHA) prohibits harassment and discrimination in the workplace based on various protected classifications, including race, religious creed, color, national origin, ancestry, physical disability, mental disability, and more. An employee is personally liable for any harassment they perpetrate, regardless of whether the employer knows or should have known of the conduct and fails to take immediate and appropriate corrective action. Furthermore, an employer is required to take all reasonable steps necessary to prevent discrimination and harassment from occurring §12940.

7. At all times relevant times, California's Fair Employment and Housing Act ("FEHA") was in full force and effect and was binding on Respondent.

8. Claimant was a member of a protected class based on race, ethnicity and national origin as she of African American/Ethiopian descent. At all relevant times, Claimant was performing competently in her position with Respondent.

9. Claimant was harassed by Respondent based on the aforementioned protected classes.

10. As a result of continued harassment, Claimant has suffered and continues to suffer physical, mental and emotional stress.

//

//

**SECOND CAUSE OF ACTION**

**(Discrimination In Violation of CA FEHA (Gov. Code Sec. 12900-12951, 12927-12928, 12955-12956.1 & 12960-12976))**

11. The California Fair Employment and Housing Act (FEHA) prohibits harassment and discrimination in the workplace based on various protected classifications, including race, religious creed, color, national origin, ancestry, physical disability, mental disability, and more. An employee is personally liable for any harassment they perpetrate, regardless of whether the employer knows or should have known of the conduct and fails to take immediate and appropriate corrective action. Furthermore, an employer is required to take all reasonable steps necessary to prevent discrimination and harassment from occurring §12900-12951, 12927-12928, 12955-12956.1 & 12960-12976. For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, reproductive health decisionmaking, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. §12940(a)

12. At all times relevant times, California's Fair Employment and Housing Act ("FEHA") was in full force and effect and was binding on Respondent.

13. Claimant was a member of a protected class based on race, ethnicity and national origin as she of African American/Ethiopian descent. At all relevant times, Claimant was performing competently in her position with Respondent.

14. Claimant was discriminated against by Respondent based on the aforementioned protected classes.

15. As a result of continued harassment, Claimant has suffered and continues to suffer physical, mental and emotional stress.

**THIRD CAUSE OF ACTION**

**(Retaliation in violation of CA Lab. Code Sec. 11021)**

16. California Labor Code Section 11021 explicitly states that it is unlawful for an employer to demote, suspend, or otherwise deny any employment benefit to an individual because they have opposed practices prohibited by the Act or participated in related proceedings.

17. At all times relevant times, California Labor Code was in full force and effect and was binding on Respondent.

18. Claimant has been retaliated against by Respondent on multiple occasions after Claimant made reports to appropriate personnel at her workplace about safety conditions at the workplace.

**FOURTH CAUSE OF ACTION**

**(Workplace Defamation)**

19. California recognizes defamation claims related to employment if the statements made are provably false and not privileged, which means they are not protected by a legal right to make such statements. For instance, statements made in the course of a judicial proceeding or certain other contexts may be privileged. In the employment context, a statement must directly harm the reputation of an employee to be considered defamatory. This includes false accusations of criminal behavior, dishonesty, incompetence, or other reprehensible personal characteristics or behaviors Louie v. San Diego Cmty. College Dist., 2020 Cal. Super.

20. Claimant has been defamed by Respondent as Respondent has disparaged Claimant's abilities as a nurse and defamed her via the workplace investigation process.

**FIFTH CAUSE OF ACTION**

**(Constructive Discharge)**

21. In California, constructive discharge occurs when an employer's conduct effectively forces an employee to resign, transforming what appears to be a voluntary resignation into a termination. This legal doctrine is recognized under California law to address situations where an employer may attempt to circumvent liability for wrongful discharge by creating intolerable working conditions that compel an employee to quit Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, Atalla v. Rite Aid Corp., 89 Cal. App. 5th 294, Cloud v. Casey, 76 Cal. App. 4th 895.

22. Claimant was subjected to constructive discharge due to actions of Respondent such as retaliation, creating a hostile work environment and continuous harassment of Claimant via management and other supervising personnel along with fellow coworkers confronting Claimant about Claimant's personal beliefs.

23. Claimant is the subject of a highly bias and wrongful workplace investigation further lending to the notion of constructive discharge being in play in this current situation.

**SIXTH CAUSE OF ACTION**

**(Constructive Termination)**

24. Constructive termination in California is recognized under specific circumstances where an employer's conduct effectively forces an employee to resign. This is legally regarded as a firing rather than a resignation. The doctrine of constructive discharge addresses situations where an employer may avoid directly firing an employee but engages in conduct causing the employee to quit Atalla v. Rite Aid Corp., 89 Cal. App. 5th 294.

25. Claimant was subjected to constructive termination due to actions of Respondent such as retaliation, creating a hostile work environment and continuous harassment of Claimant via management and other supervising personnel along with fellow coworkers confronting Claimant about Claimant's personal beliefs.

26. Claimant is the subject of a highly bias and wrongful workplace investigation further lending to the notion of constructive termination being in play in this current situation.

**SEVENTH CAUSE OF ACTION**

**(Breach of Employment Contract)**

27. In California, breach of an employment contract can lead to damages if the breach is proven. For instance, if an employer fails to adhere to the agreed terms regarding wages, working conditions, or termination, the employee may have grounds for a breach of contract claim DiGiacinto v. Ameriko-Omserv Corp., 59 Cal. App. 4th 629.

28. As part of the nurses' union, Claimant has an employment and collective bargaining agreement which Respondent is to abide.

29. Respondent violated the employment and collective bargaining agreement in their conduct with Claimant specifically with how Respondent has retaliated, conducted their investigation and kept Respondent on indefinite leave.

//

//

//

//

//

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For general damages, according to proof;
2. For compensatory damages;
3. For reasonable attorney's fees, as provided by statute;
4. For costs of suit; and
5. For such other relief as the Court may deem meet and proper.

13th of June, 2024.

Dylan Hackett

DYLAN HACKETT, Esq.
Attorney for Claimant

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Dylan Hackett (SBN: 329339) The Hackett Law Firm
P.O. Box 330168 San Francisco, CA 94133

TELEPHONE NO.: [415] 410 9931 FAX NO. :
EMAIL ADDRESS: dylanhackett@hackettfirm.com
ATTORNEY FOR *(Name):* Plaintiff, HANNA GEBREGZI,

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**06/12/2024 at 11:09:25 AM**
By: Damaree Franklin,
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME:

CASE NAME:
GEBREGZI v. KAISER PERMANENTE LLC,ANA HOUSE, AND LIONEL HOYTE

**CIVIL CASE COVER SHEET**

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 24CV079321

JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* two
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 7, 2024
Dylan Hackett
(TYPE OR PRINT NAME)

Dylan Hackett
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



For your protection and privacy, please press the Clear This Form button after you have printed the form. Print this form Save this form Clear this form

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br>FILED<br>Superior Court of California<br>County of Alameda<br>06/11/2024<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: [signature] Deputy<br>D. Harbour |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | |
| PLAINTIFF:<br>Hanna Gebregzi | |
| DEFENDANT:<br>KAISER PERMANENTE LLC et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24CV079321 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | | |
|---|---|---|
| Date: 10/24/2024 | Time: 2:30 PM | Dept.: 517 |
| Location: Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Alameda<br>06/11/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _______ Deputy<br>D. Harbour |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | |
| PLAINTIFF/PETITIONER:<br>Hanna Gebregzi | |
| DEFENDANT/RESPONDENT:<br>KAISER PERMANENTE LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CV079321 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Dylan Hackett
The Hackett Firm
PO Box 330168
San Francisco, CA 94133

Chad Finke, Executive Officer / Clerk of the Court

Dated: 06/12/2024

By:

D. Harbour, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Alameda<br>06/11/2024<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: [signature] Deputy<br>D. Harbour |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | |
| PLAINTIFF(S):<br>Hanna Gebregzi | |
| DEFENDANT(S):<br>KAISER PERMANENTE LLC et al | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>24CV079321 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE: Keith Fong
DEPARTMENT: 517
LOCATION: Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544
PHONE NUMBER: (510) 690-2726
FAX NUMBER:
EMAIL ADDRESS: Dept517@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**ASSIGNED FOR ALL PURPOSES TO**
**JUDGE** Keith Fong
**DEPARTMENT** 517

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

D. Harbour, Deputy Clerk

# Exhibit B

SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
Catherine Dacre (SBN 141988)
cdacre@seyfarth.com
Matthew Mason (SBN 271344)
mmason@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS (improperly named as KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER)

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/05/2024 at 10:33:08 AM
By: Darnekia Oliver,
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| HANNA GEBREGZI,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER, ANA HOUSE, AND LIONEL HOYTE,<br><br>Defendants. | Case No. 24CV079321<br><br>ASSIGNED FOR ALL PURPOSES TO THE HONORABLE KEITH FONG<br><br>**DEFENDANT KAISER FOUNDATION HOSPITALS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: June 7, 2024 |

Defendant KAISER FOUNDATION HOSPITALS (improperly named as KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER) ("Defendant"), by and through its attorneys, Seyfarth Shaw LLP, hereby submits its response to the allegations set forth in the unverified Amended Complaint for Damages ("Complaint") filed by Plaintiff Hanna Gebregzi ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant denies generally each and every allegation of the Complaint, and further denies that Plaintiff has been damaged in any way by reason of any act or omission of Defendant.

## DEFENSES

In further answer to the Complaint, and as separate and distinct defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST SEPARATE DEFENSE

(Failure to State a Claim for Relief – All Causes of Action)

The Complaint, and each and every purported cause of action alleged therein against Defendant, fails to state facts sufficient to constitute a cause of action or claim for relief.

## SECOND SEPARATE DEFENSE

(Statute of Limitations – All Causes of Action)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by applicable statutes of limitations, including, but not limited to, California Government Code section 12960.

## THIRD SEPARATE DEFENSE

(Failure to Exhaust All Administrative and Statutory Prerequisites – All Causes of Action)

Plaintiff's causes of action are barred to the extent that she failed to exhaust all administrative and statutory prerequisites.

///

**FOURTH SEPARATE DEFENSE**

(Consent/Ratification – All Causes of Action)

Plaintiff's claims are barred in whole or in part to the extent any conduct attributable to Defendant was ratified or consented to by Plaintiff.

**FIFTH SEPARATE DEFENSE**

(Laches, Waiver, Estoppel – All Causes of Action)

Plaintiff is not entitled to any relief to the extent that she forfeited her right to relief under the doctrine of laches, waived her right to relief, or is estopped from seeking the relief requested in the Complaint.

**SIXTH SEPARATE DEFENSE**

(Unclean Hands – All Causes of Action)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff has unclean hands.

**SEVENTH SEPARATE DEFENSE**

(Failure to Mitigate Damages – All Causes of Action)

Defendant is informed and believes and thereon alleges Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages and/or earnings potential must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages

**EIGHTH SEPARATE DEFENSE**

(Offset – All Causes of Action)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

///

///

///

**NINTH SEPARATE DEFENSE**

(Legitimate Non-Discriminatory / Non-Retaliatory Factors – All Causes of Action)

Plaintiff may not obtain the relief requested in her Complaint because any adverse employment actions taken against her were based on legitimate, non-discriminatory and/or non-retaliatory factors and not any protected characteristic or protected activity.

**TENTH SEPARATE DEFENSE**

(Appropriate Remedial Action – All Causes of Action)

To the extent Plaintiff's Complaint alleges she was subject to any discrimination, harassment, or retaliation for activity protected under FEHA, Plaintiff's causes of action are barred because all reasonable steps to prevent any discrimination, harassment, and retaliation were taken once Defendant was made aware of Plaintiff's complaints, and Plaintiff failed to act with reasonable care to take advantage of the safeguards to otherwise prevent the harm that could have been avoided.

**ELEVENTH SEPARATE DEFENSE**

(Avoidable Consequences – All Causes of Action)

Plaintiff's claims are barred and/or her recovery limited, because at all times relevant to the Complaint, Defendant maintained legally-compliant policies, and made good-faith efforts to enforce those policies, and Plaintiff failed to use corrective measures made available to her by Defendant.

**TWELFTH SEPARATE DEFENSE**

(Workers' Compensation Exclusivity – All Causes of Action)

To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act.

**THIRTEENTH SEPARATE DEFENSE**

(Unconstitutionality of Punitive Damages – All Causes of Action)

To the extent that Plaintiff seeks punitive or exemplary damages in her Complaint, she violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and

the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

**FOURTEENTH SEPARATE DEFENSE**

(No Entitlement to Punitive Damages – All Causes of Action)

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages against Defendant.

**FIFTEENTH SEPARATE DEFENSE**

(*Kolstad* – All Causes of Action)

Plaintiff may not recover punitive damages against Defendant for the employment decisions of its agent(s) to the extent that those decisions were contrary to policies Defendant has instituted against wrongful conduct.

**SIXTEENTH SEPARATE DEFENSE**

(Adoption of Anti-Discrimination Policy – All Causes of Action)

Plaintiff's claim for punitive damages against Defendant is barred by Defendant's adoption, adherence, and/or enforcement of a policy against the discrimination of the type alleged in the Complaint.

**SEVENTEENTH SEPARATE DEFENSE**

(Collateral Estoppel and *Res Judicata* – All Causes of Action)

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrines of collateral estoppel and *res judicata*.

**EIGHTEENTH SEPARATE DEFENSE**

(Failure to Exhaust Mandatory Contractual Remedies Under CBA - All Causes of Action)

Plaintiff's claims are barred to the extent she failed to exhaust mandatory contractual remedies under the governing collective bargaining agreements.

///

///

///

**NINETEENTH SEPARATE DEFENSE**

(Failure to Inform Employer of Alleged Violations - All Causes of Action)

Plaintiff's claims are barred in whole or in part because Plaintiff did not provide her employer with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time Plaintiff filed her claims.

**TWENTIETH SEPARATE DEFENSE**

(Protective Measures / Lack of Knowledge - All Causes of Action)

To the extent that any unlawful conduct occurred, which Defendant denies, Defendant took all reasonable steps to prevent the alleged unlawful conduct and Defendant was not aware of the purported unlawful conduct. Accordingly, Plaintiff's claims are barred or her relief is limited.

**TWENTY-FIRST SEPARATE DEFENSE**

(Same Decision / Mixed Motive – All Causes of Action)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory or retaliatory reasons had been a contributing or motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Plaintiff's employer would have made the same decision for legitimate, independent, and/or non-discriminatory/non-retaliatory reasons. *See Harris v. City of Santa Monica*, 56 Cal. 4th 203 (2013); Cal. Labor Code § 1102.6.

**TWENTY-SECOND SEPARATE DEFENSE**

(Good Faith and Reasonableness / Managerial Privilege – All Causes of Action)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Plaintiff's employer and its agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted. Moreover, any and all decisions made and actions taken with respect to Plaintiff were in the exercise of proper managerial discretion and are subject to the managerial privilege.

///

///

**TWENTY-THIRD SEPARATE DEFENSE**

(After-Acquired Evidence – All Causes of Action)

Plaintiff's causes of action are barred, or she is precluded from recovering damages, to the extent that Plaintiff's employer learns through after-acquired evidence that she engaged in any fraud or other misconduct that, if known, would have caused Plaintiff's employment to be terminated.

**TWENTY-FOURTH SEPARATE DEFENSE**

(LMRA Preemption – All Causes of Action)

Plaintiff's Complaint, and each claim for relief alleged therein, is preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. section 185(a)) to the extent its resolution depends on interpretation of provisions of any collective bargaining agreement between Defendant and any union representing Plaintiff.

**TWENTY-FIFTH SEPARATE DEFENSE**

(NLRA Preemption – All Causes of Action)

Plaintiff's Complaint, and each claim for relief alleged therein, is preempted by sections 7 and 8 of the National Labor Relations Act (29 U.S.C. section 151, *et seq.*) to the extent its resolution depends on interpretation of any collective bargaining agreement between Defendant and any union representing Plaintiff.

**TWENTY-SIXTH SEPARATE DEFENSE**

(Accord and Satisfaction – All Causes of Action)

Plaintiff's causes of action are barred, in whole or in part, pursuant to an accord and satisfaction, and/or are barred to the extent that Plaintiff has entered into or is otherwise bound by compromise, settlement, or release agreements regarding those claims.

**TWENTY-SEVENTH SEPARATE DEFENSE**

(Lack of Causation – All Causes of Action)

Plaintiff's alleged injuries and/or damages, if any, were not proximately caused by the acts or omissions of Defendant, and any injury and/or damages that Plaintiff alleges she suffered, if any, resulted from a cause or causes not legally or proximately related to any act or omission of Defendant.

Further, to the extent Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

**TWENTY-EIGHTH SEPARATE DEFENSE**

(Outside Course and Scope of Agency or Employment – All Causes of Action)

Defendant alleges, on information and belief, that if Plaintiff suffered any loss, damage or legal detriment, such loss, damage or legal detriment was directly and proximately caused and/or contributed to by intervening causes, events, and/or actions of third parties, or the actions of Plaintiff, over which Defendant had no control, and which was beyond the power or ability of Defendant to foresee, to prevent or to ameliorate. If any agent or employee of Defendant engaged in any alleged conduct that can be construed as unlawful, such conduct was outside the course and scope of such individual's agency or employment. Therefore, Plaintiff should not recover against Defendant for any loss, damage or legal detriment, so caused or so enhanced.

**TWENTY-NINTH SEPARATE DEFENSE**

(No Protected Activity – Third, Fifth, Sixth and Seventh Causes of Action)

Plaintiff cannot establish a *prima facie* case of wrongful termination and retaliation since she did not engage in any protected activity upon which such a claim could be based and/or reasonably believe that she did.

**THIRTIETH SEPARATE DEFENSE**

(No Causal Connection – Second, Third, Fifth, Sixth and Seventh Cause of Action)

Plaintiff's wrongful termination/discrimination and/or retaliation claims fail since she cannot establish a causal connection between any purported protected characteristic/activity and any adverse action taken against her.

///

///

///

///

**THIRTY-FIRST SEPARATE DEFENSE**

(Truth - Fourth Cause of Action)

Plaintiff's cause of action for workplace defamation fails to allege facts sufficient to show any extreme and outrageous conduct on the part of Defendant, and therefore, fails to support a claim for emotional distress damages.

**THIRTY-SECOND SEPARATE DEFENSE**

(Opinion - Fourth Cause of Action)

Plaintiff's cause of action for Workplace Defamation fails to the extent that Plaintiff's claims are based on Defendant's non-actionable opinions. *See, e.g.*, *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 116 (2007).

**THIRTY-THIRD SEPARATE DEFENSE**

(No Publication To Third Parties - Fourth Cause of Action)

Plaintiff's cause of action for workplace defamation fails to the extent that none of Defendant's purported statements were published to third parties who understood the meaning of the statements and their application to the person to whom the reference was being made. *See, e.g.*, *Raghavan v. Boeing Co.*, 133 Cal. App. 4th 1120, 1132-1133 (2005).

**THIRTY-FOURTH SEPARATE DEFENSE**

(Non-Actionable Statements About Plaintiff's Performance - Fourth Cause of Action)

Plaintiff's cause of action for Workplace Defamation fails to the extent that Plaintiff's claims are based on Defendant's purported statements about Plaintiff's performance, which cannot form the basis of a defamation claim, as a matter of law. *See, e.g.*, *Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 965 (1993).

**THIRTY-FIFTH SEPARATE DEFENSE**

(Privilege - Fourth Cause of Action)

Plaintiff's claims fail to the extent that Defendant's purported statements about Plaintiff are protected by any applicable privilege, including without limitation, the common-interest privilege. *See, e.g.*, *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 440 (2007).

**THIRTY-SIXTH SEPARATE DEFENSE**

(No Intent - Fourth Cause of Action)

Plaintiff's cause of action for Workplace Defamation fails to the extent that Defendant lacked the requisite intent, a necessary element for a defamation claim. As such, Plaintiff's claim for defamation fails, as a matter of law. *See, e.g., Raghavan v. Boeing Co.*, 133 Cal. App. 4th 1120, 1132-1133 (2005).

**THIRTY-SEVENTH SEPARATE DEFENSE**

(California Civil Code § 1473 - Seventh Cause of Action)

Defendant alleges that prior to the commencement of this action it duly performed, satisfied and discharged all duties and obligations it may have owed to Plaintiff arising out of any and all agreements, representations or contracts purportedly made by Defendant, and thus, that this action is barred by California Civil Code Section 1473.

**THIRTY-EIGHTH SEPARATE DEFENSE**

(Standing - All Causes of Action)

Plaintiff's Complaint, is barred to the extent that Plaintiff lacks standing to assert any of the causes of action contained in the Complaint.

**ADDITIONAL DEFENSES**

(Pending Discovery – All Causes of Action)

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint, Defendant prays:

1. That Plaintiff takes nothing by her Complaint on file herein;
2. That judgment be entered in favor of Defendant and against Plaintiff;
3. That Defendant be awarded its costs of suit incurred herein;
4. That Defendant be awarded reasonable attorneys' fees according to proof; and
5. That Defendant be awarded such other relief as the Court may deem appropriate.

DATED: September 5, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: ______________________

Christian J. Rowley
Catherine Dacre
Matthew Mason
Attorneys for Defendant
KAISER FOUNDATION HOSPITALS (improperly named as KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER)

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, Suite 3100, San Francisco, California 94105. On September 5, 2024, I served the within document(s):

**DEFENDANT KAISER FOUNDATION HOSPITALS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| The Hackett Law Firm<br>Dylan Hackett (SBN: 329339)<br>dylanhackett@hackettfirm.com<br>Chris Quattrociocche (SBN: 331233)<br>cquattrociocche@hackettfirm.com<br>P.O. Box 330168<br>San Francisco, CA 94133<br>(415) 410-9931<br>(213) 782-8876 | Attorneys for Claimant – Hanna Gebregzi |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 5, 2024, at San Francisco, California.

J. Gina delaCuadra

J. Gina delaCuadra