Dylan Hackett (SBN: 329339)
The Hackett Law Firm
P.O. Box 330168
San Francisco, CA 94133
(415) 410-9931
dylanhackett@hackettfirm.com

Chris Quattrociocche (SBN: 331233)
The Hackett Law Firm
P.O. Box 330168
San Francisco, CA 94133
(213) 782-8876
cquattrociocche@hackettfirm.com

*Attorneys for Plaintiff, Hanna Gebregzi*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNA GEBREGZI, AN INDIVIDUAL,<br><br>PLAINTIFF,<br><br>VS.<br><br>KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER, ANA HOUSE, LIONEL HOYTE, YISHAMU AYELEW, JENNIFER FLOWER, LAURA JEFFERSON, HAROLD FALSASANTOS, SUZZETTE SMITH, AND DOES 1 TO 50,<br><br>DEFENDANTS, | Case No.: 4:2024cv06322<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **HARRASMENT IN VIOLATION OF FEHA**<br>2. **DISCRIMINATION IN VIOLATION OF FEHA**<br>3. **RETALIATION**<br>4. **AMERICANS WITH DISABILITIES ACT VIOLATION - FAILURE TO ACCOMMODATE**<br>5. **AMERICANS WITH DISABILITIES ACT VIOLATION – RETALIATION**<br>6. **INVASION OF PRIVACY**<br>7. **WORKPLACE DEFAMATION**<br>8. **WRONGFUL TERMINATION**<br>9. **BREACH OF EMPLOYMENT CONTRACT**<br>10. **HOSTILE WORK ENVIRONMENT**<br>11. **WHISTLEBLOWER RETALIATION**<br>12. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiff, HANNA GEBREGZI, complaining of the Defendants, alleges and says:

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9933

## PARTIES

1.  Plaintiff Hanna Gebregzi is an individual and resident of the State of California.

2.  Defendant Kaiser Foundation Hospital, doing business as Kaiser Permanente Oakland Medical Center, is a healthcare provider formed under the laws of California with a principal place of business in California.

3.  Defendant, Yishamu Ayelew, is an individual residing in California and was employed by Kaiser Permanente Oakland Medical Center at all relevant times.

4.  Defendant Ana House was a management employee at Kaiser Permanente Oakland Medical Center.

//

5.  Defendant Lionel Hoyte was the Perioperative Director at Kaiser Permanente Oakland Medical Center.

6.  Defendant Jennifer Flower was a Charge Nurse at Kaiser Permanente Oakland Medical Center.

7.  Defendant Laura Jefferson was in a managerial position at Kaiser Permanente Oakland Medical Center.

8.  Defendant Harold Falcasantos was an Operating Room Manager at Kaiser Permanente Oakland Medical Center.

9.  Defendant, Suzzette Smith, is an individual residing in California and was employed by Kaiser Permanente Oakland Medical Center at all relevant times.

10. Defendants DOES 1-50 are individuals and/or entities whose identities are presently unknown but who, upon information and belief, were responsible for or contributed to the harm caused to Plaintiff. Plaintiff will amend this Complaint to include their names when they become known.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 28 USCS § 1331, as this case involves federal questions arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. 42 USCS § 2000e-3 , and the Americans with Disabilities Act,

-2-

SECOND AMENDED COMPLAINT FOR DAMAGES

42 U.S.C. § 12101 et seq. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 28 USCS § 1367, as these claims are so related to the federal claims that they form part of the same case or controversy.

12.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this District and the events or omissions giving rise to the claims occurred in this District, specifically at Kaiser Permanente Oakland Medical Center in Oakland, California.

13.  This Court has personal jurisdiction over Defendants Kaiser Foundation Hospital, Yishamu Ayelew, Ana House, Suzzette Smith and Lionel Hoyte, as they reside and conduct substantial business in the Northern District of California.

## STATEMENT OF FACTS

14. Plaintiff was employed by Defendant Kaiser Foundation Hospital, d/b/a Kaiser Permanente Oakland Medical Center ("Kaiser Permanente") at all relevant times.

15. On February 12, 2024 at approximately 7:00 PM, Plaintiff was approached by Certified Nurse Assistant Yishamu Ayalew, who scheduled a meeting without notifying Plaintiff in advance. During the meeting, Defendant Ayalew aggressively accused Plaintiff of harassment and abuse in a hostile and unprofessional tone. This interaction was witnessed by Bernard and Sabrina. Plaintiff had no prior interaction with Defendant Ayalew. Following the meeting, Plaintiff informed Charge Nurse Jennifer A. that she was leaving the unit because she felt unsafe. Plaintiff filed formal complaints that same day documenting the incident.

16. On February 13, 2024, an employee of Defendant Kaiser Permanente accessed Plaintiff's private email account without authorization through Kaiser Permanente's computer system. This email was later forwarded to management personnel Ana House and Suzzette Smith. A printed copy of the email was found in a breakroom by an Environmental Services employee.

17. On February 14, 2024, despite Plaintiff's protests regarding the unauthorized access, a copy of the same email was delivered to Perioperative Director, Defendant Lionel Hoyte. Plaintiff reported this data breach to Compliance and HR, yet no corrective action was taken.

18. On February 27, 2024, Defendant Laura Jefferson forcibly and unexpectedly removed

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

**SECOND AMENDED COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

Plaintiff from her assignment. When Plaintiff attempted to inform Defendant Ana House about the reassignment, Defendant House verbally attacked Plaintiff at the nursing station and falsely accused her of misconduct.

19. Plaintiff notified Defendant House of her discomfort and reported the incident to Operating Room Manager Harold Falcasantos and Assistant Manager Esther.

20. Despite this conduct, no disciplinary action was taken against Defendants Ayalew, House, or Hoyte. Instead, Plaintiff was placed on administrative leave.

21. Multiple witnesses submitted statements corroborating Plaintiff's version of events, confirming that she was retaliated against for reporting unsafe workplace practices and management misconduct.

22. On March 7, 2024, Plaintiff received a letter suspending her with pay. Plaintiff asserts that this suspension was retaliatory and directly tied to her reporting misconduct, privacy breaches, and unsafe conditions.

23. On March 27, 2024, a fact-finding meeting was held concerning allegations against Plaintiff. Despite a lack of evidence, Defendants falsely accused her of job abandonment and harassment.

24. Plaintiff's suspension was unjustified, as evidenced by witness testimony and documentation contradicting Defendants' claims.

25. After over a year away, including nine months on unjustified suspension and four months on modified duty for PTSD treatment, Plaintiff returned in good faith to reintegrate professionally. On June 16, 2024, immediately after completing orientation, she was abruptly placed on administrative leave again. She was escorted out of the hospital by three managers and security, and her badge was confiscated in a degrading and retraumatizing act.

26. On June 12, 2024, during orientation, Plaintiff's preceptor stepped away and Charge Nurse Jennifer Flower assumed supervisory responsibility. Defendant Flower accessed and prepared physician-ordered morphine from Pyxis, co-signed waste documentation, and remained present as Plaintiff administered safe, titrated doses. The infant tolerated the medication and was later transferred without complication. Despite these facts, days later Defendant Flower falsely accused

**SECOND AMENDED COMPLAINT FOR DAMAGES**

Plaintiff of overdosing the patient—an allegation contradicted by Epic charting, Pyxis records, and Defendant Flower's own documented involvement. Plaintiff was the only one disciplined.

27. Plaintiff's email was accessed without authorization, and she was secretly recorded at work without her consent; the footage was later weaponized against her. Plaintiff was repeatedly retaliated against for reporting misconduct, while those responsible faced no accountability.

28. Plaintiff also faced repeated retaliation, hostile behavior, false accusations, and unsafe assignments under the supervision of Ana House, Laura Jefferson, and Jennifer Flower. Despite detailed documentation, complaints, and witness statements, management obstructed her reintegration, fabricated disciplinary narratives, and targeted her for termination.

29. Defendants ignored Plaintiff's requests for proper orientation upon returning from protected medical leave. She was reassigned abruptly, subjected to fabricated allegations, denied accommodations, and repeatedly threatened with security interventions. Supervisory accountability was systematically avoided.

30. Regarding June 13, 2024, Infant Medication Protocol. If the infant had been unstable or experienced an overdose, Kaiser's standard protocol would have required activation of a Rapid Response, extended monitoring in the recovery room, administration of reversal agents, and written clearance from the anesthesia team. None of these emergency procedures were initiated because they were not warranted. The infant remained stable throughout recovery, tolerated the medication without complication, and was formally cleared by the anesthesiologist for transfer to the pediatric floor as originally planned. This clearance confirms that no overdose occurred and that the patient was clinically appropriate for discharge. Plaintiff was terminated based on an unsubstantiated accusation.

31. On June 13, 2024, Defendant Jennifer Flower falsely accused Plaintiff of committing a medication error involving an infant patient. This allegation was entirely unsupported by the medical record, including Epic charting, the patient's documented clinical stability, and the anesthesiologist's formal clearance for transfer. No emergency response was activated, no abnormal vital signs were recorded, and no reversal agents were administered, further confirming that no overdose or adverse event occurred. Despite these facts, Plaintiff was targeted and disciplined based solely on Defendant Flower's unsubstantiated claim.

SECOND AMENDED COMPLAINT FOR DAMAGES

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

32. On November 9, 2023, Plaintiff organized a staff meeting with Perioperative Director Lionel Hoyte to address unsafe practices and management misconduct. Multiple nurses spoke out against Defendant Laura Jefferson, citing unsafe working conditions under her supervision. Plaintiff filed several formal unsafe practice reports specifically naming Defendant Jefferson.

33. Following Plaintiff's documented complaints, Defendant Jefferson retaliated by deleting Plaintiff's previously approved vacation, denying access to extra shifts and overtime, blocking Plaintiff from serving as charge nurse, fabricating false accusations on behalf of patients, falsely claiming Plaintiff was using her phone on her first day back at Oakland, accusing Plaintiff of speaking negatively about a patient despite two other nurses being involved in the conversation, singling Plaintiff out, interrupting her orientation, micromanaging her activities, and submitting false written statements.

34. On November 7, 2023, Plaintiff witnessed a patient inform Defendant Jefferson that Nurse Eucharia Vixon had falsified documentation in a way that could have endangered his life. Plaintiff submitted a written statement and incident report. Despite this, Defendant Jefferson took no action against Nurse Vixon and instead escalated retaliation against Plaintiff.

35. Defendant Jefferson further contributed to a hostile work environment by obstructing Plaintiff's reintegration after protected medical leave. She participated in abrupt reassignments, fabricated disciplinary narratives, and undermined Plaintiff's professional standing.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**(Harassment in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) and of CA FEHA (Gov. Code Sec. 12923, 12940 (j))**

36. Plaintiff repeats and realleges the allegations set forth in the Statement of Facts as if fully set forth herein.

37. Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §2000e et seq., prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 USCS §2000e. Title VII also includes provisions addressing harassment and sexual harassment as a form of sex

**SECOND AMENDED COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

discrimination, which can create a hostile or abusive work environment. *Lyle v. Warner Brothers Television Productions*, 38 Cal. 4th 264.

38. The California Fair Employment and Housing Act (FEHA) prohibits harassment and discrimination in the workplace based on various protected classifications, including race, religious creed, color, national origin, ancestry, physical disability, mental disability, and more. An employee is personally liable for any harassment they perpetrate, regardless of whether the employer knows or should have known of the conduct and fails to take immediate and appropriate corrective action. Furthermore, an employer is required to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Gov. Code §12940.

39. At all relevant times, Title VII and California's Fair Employment and Housing Act ("FEHA") were in full force and effect and binding on Defendant.

40. Plaintiff was a member of a protected class based on race, ethnicity and national origin as she is of African American/Ethiopian descent. At all relevant times, Plaintiff was performing competently in her position with Defendant.

41. Defendants subjected Plaintiff to unwelcome conduct based on the aforementioned protected characteristics.

42. Defendant Ayalew's hostile, aggressive, and accusatory actions on February 12, 2024, together with Kaiser Permanente's failure to take corrective action, created a hostile work environment.

43. Defendant House's verbal attack on Plaintiff and Kaiser Permanente's deliberate inaction in response to these complaints further exacerbated the harassment.

44. Plaintiff was forced to leave due to safety concerns. Such conduct constitutes harassment under Title VII and CA FEHA.

WHEREFORE, Plaintiff prays for judgement against Defendant, as hereafter set forth.

## SECOND CAUSE OF ACTION

### (Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) and of CA FEHA (Gov. Code Sec. 12900-12951, 12927-12928, 12955-12956.1 & 12960-12976)))

**SECOND AMENDED COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

45. Plaintiff repeats and realleges the allegations set forth in the Statement of Facts as if fully set forth herein.

46. Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §2000e et seq., prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 USCS §2000e. Title VII also includes provisions addressing harassment and sexual harassment as a form of sex discrimination, which can create a hostile or abusive work environment. *Lyle v. Warner Brothers Television Productions*, 38 Cal. 4th 264.

47. The California Fair Employment and Housing Act (FEHA) prohibits harassment and discrimination in the workplace based on various protected classifications, including race, religious creed, color, national origin, ancestry, physical disability, mental disability, and more. An employee is personally liable for any harassment they perpetrate, regardless of whether the employer knows or should have known of the conduct and fails to take immediate and appropriate corrective action. Furthermore, an employer is required to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Gov. Code §12940(a).

48. At all relevant times, Title VII and California's Fair Employment and Housing Act ("FEHA") were in full force and effect and binding on Defendants.

49. Plaintiff is a member of a protected class based on race, ethnicity, and national origin as she is of African American/Ethiopian descent. At all relevant times, Plaintiff was performing competently in her position with Defendant.

50. Defendants engaged in discriminatory conduct by subjecting Plaintiff to adverse treatment based on her protected characteristics, including targeting her with fabricated allegations, hostile assignments, and disciplinary actions not imposed on similarly situated employees.

51. Plaintiff was unlawfully targeted, denied a safe work environment, suspended after reporting workplace misconduct, and held to harsher standards than other employees such as Nurse Eucharia Vixon, whose misconduct went unaddressed by management.

52. Defendants' failure to discipline those responsible, while punishing Plaintiff, evidences discriminatory intent.

53. As a result of continued discrimination and harassment, Plaintiff has suffered and continues to

-8-

**SECOND AMENDED COMPLAINT FOR DAMAGES**

suffer physical, mental, and emotional stress.

WHEREFORE, Plaintiff prays for judgment against Defendants, as hereafter set forth.

### THIRD CAUSE OF ACTION

### (Title VII Retaliation in Violation of 42 U.S.C. § 2000e-3 42 USCS, § 2000e-3)

54. Plaintiff repeats and realleges the allegations set forth in the Statement of Facts as if fully set forth herein.

55. Plaintiff engaged in protected activity under Title VII.

56. Plaintiff reported harassment, unsafe care practices, falsified documentation, and management misconduct, which constitute protected activities under Title VII.

57. Plaintiff filed formal complaints against Ayalew after being aggressively and falsely accused of misconduct in a hostile, accusatory meeting.

58. Plaintiff reported unauthorized access to her private email to HR and Compliance.

59. Plaintiff reported verbal attacks by Defendant House to Operating Room Manager Falcasantos and Assistant Manager Esther.

60. Plaintiff organized and participated in a November 9, 2023 staff meeting with Perioperative Director Lionel Hoyte, where multiple nurses raised unsafe practices under Defendant Jefferson, and she filed unsafe practice reports naming Jefferson.

61. Plaintiff reported on November 7, 2023 that a patient disclosed Nurse Eucharia Vixon had falsified documentation in a way that endangered his life. Despite Plaintiff's report, Jefferson failed to act and instead escalated retaliation.

62. Plaintiff suffered adverse employment actions, including fabricated allegations, denial of shifts and overtime, deletion of approved vacation, obstruction of her reintegration after medical leave, and targeted disciplinary actions.

63. After reporting harassment and misconduct, Plaintiff was placed on administrative leave instead of the perpetrators being disciplined.

64. On March 7, 2024, Kaiser issued a retaliatory suspension letter with fabricated claims against Plaintiff.

65. On March 27, 2024, Plaintiff was falsely accused of job abandonment and harassment without

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

**SECOND AMENDED COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

evidence.

66. After returning from suspension and modified duty, Plaintiff was again placed on administrative leave on June 16, 2024, and publicly escorted out.

67. Plaintiff was ultimately terminated from her employment.

68. There was a causal connection between Plaintiff's protected activities and the adverse employment actions.

69. The timing of Plaintiff's adverse employment actions closely followed her protected activities.

70. Witness statements confirmed retaliation for Plaintiff's reports of unsafe practices and management misconduct.

71. The pattern of adverse actions following Plaintiff's complaints demonstrates a causal connection between her protected activities and the adverse employment actions.

WHEREFORE, Plaintiff prays for judgment against Defendants, as hereafter set forth.

### FOURTH CAUSE OF ACTION

### (Americans with Disabilities Act Violation –

### Failure to Accommodate in Violation of 42 USCS § 12112)

52. Plaintiff repeats and realleges the allegations set forth in the Statement of Facts as if fully set forth herein.

53. Plaintiff had a disability as defined by the ADA.

54. Plaintiff had PTSD, which substantially limited one or more of her major life activities.

55. Plaintiff's PTSD required her to be on modified duty for four months.

56. Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodation.

57. Plaintiff was able to perform her job with the reasonable accommodation of modified duty from February to April 2025.

58. Plaintiff returned to work in good faith after her period of modified duty.

59. Plaintiff requested and was denied reasonable accommodations.

60. Plaintiff's February-April 2025 modified duty assignment was part of a disability accommodation plan for her PTSD.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

61. Despite this accommodation plan, Plaintiff received a fabricated written warning based on alleged complaints, disregarding the protected nature of her accommodation.

62. Plaintiff was denied ADA accommodations when she returned to work.

63. Kaiser Permanente knew about Plaintiff's disability.

64. Kaiser Permanente was aware of Plaintiff's PTSD as evidenced by the modified duty assignment that was part of a disability accommodation plan.

//

65. Despite this knowledge, Kaiser Permanente failed to provide continued reasonable accommodations and instead subjected Plaintiff to conditions that exacerbated her disability.

WHEREFORE, Plaintiff prays for judgement against Defendant, as hereafter set forth.

## FIFTH CAUSE OF ACTION

## (ADA Retaliation in Violation of 42 USCS § 12203)

66. Plaintiff repeats and realleges the allegations set forth in the Statement of Facts as if fully set forth herein.

67. Plaintiff had a disability as defined by the ADA.

68. Plaintiff had PTSD, which substantially limited one or more of her major life activities.

69. Plaintiff's PTSD required her to be on modified duty for four months in 2024.

70. Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodation.

71. Plaintiff successfully performed her job during the period of modified duty from February to May 2024.

72. Plaintiff returned to work in good faith after her period of modified duty.

73. Plaintiff requested and was denied reasonable accommodations upon her return.

74. Plaintiff's February–May 2024 modified duty assignment was part of a disability accommodation plan for her PTSD.

75. Despite this accommodation plan, Plaintiff received a fabricated written warning based on alleged complaints, disregarding the protected nature of her accommodation.

76. Plaintiff was denied ADA accommodations when she returned to work in June 2024 and

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

-11-

SECOND AMENDED COMPLAINT FOR DAMAGES

was instead subjected to abrupt reassignments, fabricated allegations, and hostile conditions.

77. Kaiser Permanente knew about Plaintiff's disability.

78. Kaiser Permanente was aware of Plaintiff's PTSD as evidenced by the modified duty assignment that was part of a disability accommodation plan.

79. Despite this knowledge, Kaiser Permanente failed to provide continued reasonable accommodations and instead subjected Plaintiff to conditions that exacerbated her disability.

WHEREFORE, Plaintiff prays for judgment against Defendants, as hereafter set forth.

## SIXTH CAUSE OF ACTION

### Invasion of Privacy - Intrusion Upon Seclusion

80. Plaintiff repeats and realleges the allegations set forth in the Statement of Facts as if fully set forth herein.

81. Defendants intentionally intruded upon Plaintiff's solitude, seclusion, or private affairs.

82. On February 13, 2024, a Kaiser employee accessed Plaintiff's private email without authorization and forwarded it to management.

83. On February 14, 2024, Plaintiff's private email was further distributed to Defendant Hoyte.

84. A printed copy of Plaintiff's private email was found in a breakroom, making it accessible to other employees.

85. These intrusions would be highly offensive to a reasonable person.

86. Unauthorized access to and distribution of private emails is highly offensive to a reasonable person.

87. Plaintiff had a reasonable expectation of privacy in her personal email.

88. Plaintiff suffered damages as a result of these intrusions.

89. Plaintiff's private email was "weaponized" against her while the offenders faced no consequences.

90. These privacy violations contributed to Plaintiff's suspension, termination, and emotional distress, including the development of PTSD.

91. These privacy violations damaged Plaintiff's reputation in the workplace.

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

SECOND AMENDED COMPLAINT FOR DAMAGES

**WHEREFORE, Plaintiff prays for judgment against Defendants, as hereafter set forth.**

**SEVENTH CAUSE OF ACTION**

**(Workplace Defamation)**

92. Plaintiff repeats and realleges the allegations set forth in the Statement of Facts as if fully set forth herein.

93. Defendants made false statements of fact about Plaintiff.

94. On March 27, 2024, Plaintiff was falsely accused of job abandonment and harassment despite no evidence.

95. Days after June 12, 2024, Defendant Flower falsely accused Plaintiff of a medication error, unsupported by Epic charting, the patient's documented clinical stability, and the anesthesiologist's formal clearance for transfer.

96. Defendant Jefferson made repeated false accusations against Plaintiff, including abrupt and forced removal from assignment, fabricated disciplinary narratives, false patient complaints, false claims that Plaintiff was using her phone on her first day back at Oakland, and other fabricated statements.

97. These false statements were published to third parties.

98. The false accusations were communicated to management and other employees at Kaiser Permanente.

99. The false accusation of a medication error was communicated to others in the workplace, resulting in Plaintiff being the only person disciplined.

100. The false statements were made with at least negligence, if not actual malice.

101. The false accusations were made as part of a pattern of harassment and retaliation against Plaintiff.

102. The false accusations were made despite evidence to the contrary, such as Epic charting, patient stability, and anesthesiologist clearance that confirmed no error occurred.

103. Plaintiff suffered damages to her reputation and career.

104. Management's campaign of harassment and defamation damaged Plaintiff's reputation, finances, and emotional health.

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

-13-

SECOND AMENDED COMPLAINT FOR DAMAGES

105.    The false accusations led to Plaintiff's suspension, termination, and other adverse employment actions.

106.    The false accusations destroyed Plaintiff's career.

WHEREFORE, Plaintiff prays for judgment against Defendants, as hereafter set forth.

//

//

//

## EIGHTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

107.    Plaintiff repeats and realleges the allegations set forth in the Statement of Facts as if fully set forth herein.

108.    An employer-employee relationship existed between Plaintiff and Defendant Kaiser Permanente.

109.    Plaintiff was employed by Kaiser Permanente at all relevant times.

110.    Defendant Kaiser Permanente terminated Plaintiff's employment.

111.    Plaintiff was suspended on March 7, 2024, and ultimately terminated from her position.

112.    The termination violated public policy.

113.    Plaintiff was terminated after reporting privacy violations, including unauthorized email access and secret recording in violation of Cal Pen Code ¬ß 632, unsafe patient practices, and experiencing harassment, which are protected activities under Cal Lab Code § 1102.5.

114.    The termination was a substantial factor in causing harm to Plaintiff.

115.    As a direct result of the wrongful termination, Plaintiff has suffered lost wages, benefits, severe emotional distress, trauma, and PTSD.

WHEREFORE, Plaintiff prays for judgement against Defendant, as hereafter set forth.

## NINTH CAUSE OF ACTION

### (Breach of Employment Contract)

116.    Plaintiff repeats and realleges the allegations set forth in the Statement of Facts as if

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

-14-

**SECOND AMENDED COMPLAINT FOR DAMAGES**

fully set forth herein.

117. In California, breach of an employment contract can lead to damages if the breach is proven. For instance, if an employer fails to adhere to the agreed terms regarding wages, working conditions, or termination, the employee may have grounds for a breach of contract claim. *DiGiacinto v. Ameriko-Omserv Corp.*, 59 Cal. App. 4th 629.

118. Plaintiff was a member of the nurses' union and was covered by a collective bargaining agreement, which Defendant Kaiser Permanente was obligated to follow.

119. Defendant violated the employment and collective bargaining agreement through its retaliatory actions, fabricated investigations, and indefinite administrative leave imposed on Plaintiff.

120. Defendant further breached its obligations by failing to provide a safe working environment and by taking adverse actions against Plaintiff without just cause.

121. The unauthorized access of Plaintiff's private email and the pretextual suspension directly violated the terms of employment and internal policies, constituting a breach of contract.

WHEREFORE, Plaintiff prays for judgment against Defendants, as hereafter set forth.

## TENTH CAUSE OF ACTION

### (Hostile Work Environment in Violation of Title VII 42 USCS § 2000e-2)

122. Plaintiff repeats and realleges the allegations set forth in the Statement of Facts as if fully set forth herein.

123. Plaintiff was subjected to unwelcome harassment.

124. Plaintiff was approached aggressively by Ayalew on February 12, 2024, creating an intimidating environment.

125. Plaintiff was physically confronted when she raised concerns about Ayalew conspiring to have her terminated.

126. Plaintiff was verbally attacked by House at the nursing station on February 27, 2024, forcing her to leave work.

//

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

-15-

SECOND AMENDED COMPLAINT FOR DAMAGES

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

127. Plaintiff's privacy was invaded through unauthorized email access and secret recording.

128. Plaintiff was publicly escorted out when placed on administrative leave on June 16, 2024.

129. Plaintiff faced unsafe assignments and constant interference upon her return to work.

130. Plaintiff was subjected to false accusations by management, particularly by Laura Jefferson.

131. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

132. The harassment occurred repeatedly over a period from February 2024 through June 2025.

133. The harassment included verbal attacks, physical confrontation, invasion of privacy, public humiliation, and false accusations.

134. The harassment forced Plaintiff to leave work on multiple occasions and resulted in her developing PTSD.

135. The harassment culminated in Plaintiff's termination.

136. There is a basis for employer liability.

137. Plaintiff reported the harassment to management, including Operating Room Manager Harold Falcasantos, but no corrective action was taken.

138. Instead of disciplining the perpetrators, Kaiser Permanente placed Plaintiff on administrative leave.

139. Kaiser Permanente knew or should have known about the harassment but failed to take prompt remedial action.

WHEREFORE, Plaintiff prays for judgement against Defendant, as hereafter set forth.

## ELEVENTH CAUSE OF ACTION

## (Violation of California Labor Code § 1102.5 –

## Whistleblower Retaliation Cal Lab Code § 1102.5)

//

**SECOND AMENDED COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

140. Plaintiff repeats and realleges the allegations set forth in the Statement of Facts as if fully set forth herein.

141. Plaintiff disclosed information that she reasonably believed violated state or federal law.

142. Plaintiff reported unauthorized access to her private email, which violates privacy laws.

143. Plaintiff reported unsafe care practices, which violate healthcare regulations and standards.

144. Plaintiff engaged in human rights advocacy exposing workplace issues, which are protected activities.

145. Kaiser Permanente retaliated against Plaintiff for these disclosures.

146. After Plaintiff's reports, she was placed on administrative leave instead of the perpetrators being disciplined.

147. On March 7, 2024, Kaiser issued a retaliatory suspension letter with fabricated claims against Plaintiff.

148. On March 27, 2024, Plaintiff was falsely accused of job abandonment and harassment without evidence.

149. After returning from suspension and modified duty, Plaintiff was again placed on administrative leave on June 16, 2024, and publicly escorted out.

150. Plaintiff was ultimately terminated from her employment.

151. The retaliation was motivated by Plaintiff's disclosures.

152. The timing of Plaintiff's adverse employment actions closely followed her protected disclosures.

153. Witness statements confirmed retaliation for Plaintiff's reports of unsafe practices and management misconduct.

154. The pattern of adverse actions following Plaintiff's complaints demonstrates a causal connection between her protected disclosures and the adverse employment actions.

WHEREFORE, Plaintiff prays for judgement against Defendant, as hereafter set forth.

-17-

SECOND AMENDED COMPLAINT FOR DAMAGES

**TWELFTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress)**

155.    Plaintiff repeats and realleges the allegations set forth in the Statement of Facts as if fully set forth herein.

156.    Defendants' conduct was negligent.

157.    Defendants failed to properly investigate the incidents, address Plaintiff's complaints, and ensure a safe work environment for Plaintiff.

158.    Plaintiff suffered severe emotional distress.

159.    As a result of Defendants' actions, Plaintiff suffered severe emotional distress, trauma, stress, and PTSD.

160.    Defendants' negligence was a substantial factor in causing the emotional distress.

161.    The failure to address Plaintiff's complaints, the unjustified suspension, and the creation of a hostile work environment directly contributed to Plaintiff's emotional distress.

162.    Plaintiff experienced ongoing distress as a result of the hostile work environment, including anxiety and fear of returning to work. The failure to investigate the unauthorized access and distribution of Plaintiff's private email, along with the unjustified suspension, further exacerbated Plaintiff's emotional suffering. Defendants' inaction in addressing Plaintiff's concerns demonstrated a reckless disregard for Plaintiff's well-being, causing lasting psychological harm.

WHEREFORE, Plaintiff prays for judgment against Defendants, as hereafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant the following relief:

A.  Compensatory damages against all Defendants in an amount to be determined at trial for lost wages, benefits, emotional distress, damage to reputation, and other economic and non-economic losses resulting from Defendants' unlawful conduct.

B.  Punitive damages against all Defendants in an amount to be determined at trial pursuant to 42 U.S.C. § 1981a 42 USCS § 1981a for their willful, malicious, and oppressive conduct.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

C. Back pay and front pay against Defendant Kaiser Permanente in an amount to be determined at trial pursuant to 42 U.S.C. § 2000e-5(g) 42 USCS § 2000e-5.

D. Injunctive relief against Defendant Kaiser Permanente requiring it to cease its discriminatory and retaliatory practices, implement appropriate policies and training, and take other measures to prevent future violations.

E. Attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k) 42 USCS § 2000e-5.

F. Pre-judgment and post-judgment interest as allowed by law.

G. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

//

//

//

DATED:   May 28, 2026

**THE HACKETT LAW FIRM**

Respectfully submitted,

By: _Dylan Hackett_____
Dylan Hackett
*Attorneys for Plaintiff Hanna Gebregzi*

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

-19-

**SECOND AMENDED COMPLAINT FOR DAMAGES**