SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
E-mail:  crowley@seyfarth.com
G. Daniel Newland (State Bar No. 087965)
Email: dnewland@seyfarth.com
Tara R. Mirchandani (SBN 370477)
E-mail: tmirchandani@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:     (415) 397-8549

SEYFARTH SHAW LLP
James Sobolov (SBN 352529)
jsobolov@seyfarth.com
601 South Figueroa Street, Suite 3300 Los Angeles,
California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601


Attorneys for Defendant
KAISER FOUNDATION HOSPITALS (improperly
named as KAISER FOUNDATION HOSPITAL D/B/A
KAISER PERMANENTE OAKLAND MEDICAL
CENTER)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNA GEBREGZI,<br><br>                    Plaintiff,<br><br>         v.<br><br>KAISER FOUNDATION HOSPITAL, D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER, ANA HOUSE, AND LIONEL HOYTE<br><br>                    Defendants. | Case No. 4:24-cv-06322-JSW<br><br>**DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF CASE REFILING IN ALAMEDA SUPERIOR COURT**<br><br>Judge:      Hon. Jeffrey S. White |

327080913v.1

**TO THE COURT, PLAINTIFF, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 3, 2026, Plaintiff, Hanna Gebregzi, represented by the same counsel as in this action, filed a new complaint for money damages in Alameda County Superior Court asserting claims based on the same facts and controversy at issue in this matter, Case No. 26CV192076 ("*Gebregzi II*"). Defendant Kaiser Foundation Hospitals ("KFH") contends the new filing is an improper attempt to circumvent the Court's multiple denials of Plaintiff's attempts to amend *Gebregzi I*, despite the Court providing Plaintiff repeated chances to correct procedural errors with her attempts to amend.

**A.  Background on *Gebregzi I***

As background, Plaintiff initiated the above-captioned action ("*Gebregzi I*") on June 7, 2024 by filing a Complaint for Money Damages against KFH as well as Defendants Ana House and Lionel Hoyte in Alameda County Superior Court, Case No. 24CV079321. Plaintiff filed a First Amended Complaint ("FAC") on August 5, 2024. (*See* Dkt. 1-1.) KFH removed the action to this Court on September 6, 2024. (Dkt. 1.)

The *Gebregzi I* FAC asserts seven causes of action for: (1) Harassment in Violation of CA FEHA (Gov. Code Sec 12923, 12940(J)); (2) Discrimination in Violation of CA FEHA (Gov. Code Sec. 12900-12951, 12927-12928, 12955-12956.1 & 12960-12976); (3) Retaliation in Violation of CA Lab. Code Sec. 11021; (4) Workplace Defamation; (5) Constructive Discharge; (6) Constructive Termination; and (7) Breach of Employment Contract. (*See* Dkt. 1-1.)

On January 3, 2025, KFH and Plaintiff filed a Joint Case Management Conference Statement and Rule 26(f) report. (Dkt. 16.) In this statement, the parties agreed that any amended pleadings would be filed by March 11, 2025, pursuant to the Court's standing order (60 days after the initial case management conference). (*Id*.)

Plaintiff subsequently attempted to amend her complaint no less than four times.

1.  On April 3, 2025, Plaintiff filed a motion for leave to amend her complaint, titled "Motion for Leave to File First Amended Complaint." (Dkt. 18.) On April 28, 2025, the Court denied Plaintiff's motion for leave to amend the FAC, without prejudice, for failure to address why good

1

327080913v.1

cause to do so after the March 11 deadline to amend existed under Federal Rule of Civil Procedure 15 and 16. (Dkt. 26.)

2. On June 5, 2025, Plaintiff filed a second motion for leave to file a second amended complaint in federal court. (Dkt. 28.) On June 5, 2025, the Court again denied Plaintiff's motion for leave to amend her complaint for failure to address why good cause to do so after the March 11 deadline to amend existed under Federal Rule of Civil Procedure 15 and 16. (Dkt. 29.)

3. On June 6, 2025, a day after the court denied his second motion for leave to amend, Plaintiff filed a third motion for leave to file a second amended complaint in federal court. (Dkt. 31.) On June 30, 2025, the Court once again denied Plaintiff's motion for leave to amend her complaint for failure to address why good cause to do so after the March 11 deadline to amend existed under Federal Rule of Civil Procedure 15 and 16. (Dkt. 35.)

4. On May 28, 2026, Plaintiff filed a purported Second Amended Complaint ("purported SAC") without leave of court or a signed stipulation from KFH. (Dkt. 50.) On June 2, 2026, the Court issued an order for Plaintiff to show cause why the Court should not strike the purported SAC. (Dkt. 51.) On June 2, 2026, Plaintiff filed a response to the court's order to show cause, blaming a filing error for the purported SAC and asking that it be struck and Plaintiff be given leave to file for leave to amend. (Dkt. 52.) On June 2, 2026, the Court issued an order striking Plaintiff's purported Second Amended Complaint. The court noted that it would not preclude Plaintiff from moving for leave to amend. (Dkt. 53.)

Plaintiff's purported Second Amended Complaint included twelve total causes of action: 1) Harassment in Violation of FEHA and Title VII of the Civil Rights Act of 1964; 2) Discrimination in Violation of FEHA and Title VII; 3) Retaliation in Violation of Title VII; 4) Failure to Accommodate in Violation of the Americans with Disabilities Act; 5) Retaliation in Violation of the Americans with Disabilities Act; 6) Invasion of Privacy – Intrusion Upon Seclusion; 7) Workplace Defamation; 8) Wrongful Termination in Violation of Public Policy; 9) Breach of Employment Contract; 10) Hostile Work Environment Harassment in Violation of Title VII; 11) Whistleblower Retaliation in Violation of CA Labor Code §1102.5; and 12) Negligent Infliction of Emotional Distress. (Dkt. 50.)

2

327080913v.1

**B. Despite the Court's Invitation to Move For Leave to Amend, Plaintiff Files A New State Court Claim Incorporating Her Attempted Amendments.**

On June 3, 2026, the day after the Court struck her purported SAC, Plaintiff filed a new claim in Alameda County Superior Court, ("*Gebregzi II*") (*See* Exhibit A.) On June 22, 2026, Plaintiff served a copy of her complaint on KFH. (*See* Exhibit B.)

Gebregzi II alleges seven causes of action for: 1) Failure to Engage In the Interactive Process in Violation of FEHA; 2) Disability Discrimination and Failure to Accommodate in Violation of FEHA; 3) Whistleblower Retaliation under CA Labor Code § 1102.5; 4) Wrongful Termination in Violation of Public Policy; 5) Intentional Infliction of Emotional Distress; 6) Negligent Infliction of Emotional Distress; and 7) Retaliation in Violation of FEHA. (*See* Exhibit A.) Of these causes of action, five are identical claims to those raised in the Gebregzi I purported Second Amended Complaint, alleging either the exact same claims or state versions of those claims. (Id.)

More damning, however, is that *Gebregzi II* alleges almost entirely identical facts to the Gebregzi I purported SAC, including:

| *Gebregzi I* Purported SAC Factual Paragraph Numbers. (*See* Dkt. 50.) | Identical *Gebregzi II* Complaint Paragraph Numbers. (*See* Exhibit A.) |
| --- | --- |
| 15 | 29, 53[1] |
| 16 | 35 |
| 17 | 36 |
| 18 | 37 |
| 19 | 38 |
| 20 | 39 |
| 21 | 40 |
| 22 | 41 |
| 23 | 42 |

[1] Plaintiff occasionally repeats allegations in the factual background of *Gebregzi II*.

3

327080913v.1

| | |
|---|---|
| 24 | 43 |
| 25 | 44 |
| 26 | 45 |
| 27 | 46 |
| 28 | 47 |
| 29 | 48 |
| 30 | 49 |
| 31 | 50[2] |
| 32 | 25, 26, 27, 51 |
| 33 | 28, 52 |
| 34 | 29, 53 |
| 35 | 54 |

**C.  *Gebregzi II* is a Clear Duplicative Pleading That Attempts to Circumvent Procedural Rules and This Court's Jurisdiction.**

Courts have long held that plaintiffs shall not be permitted to file multiple complaints against the same party under the same theories. Indeed in 1894, Justice Edward Douglass White wrote:

> [A party] is not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible.

The Haytian Republic, 154 U.S. 118, 125 (1894).

Filing another action against the same defendant while one is pending is a practice simply prohibited under the duplicative litigation doctrine. *Arendi S.A.R.L. v. LG Elecs. Inc.*, 47 F.4th 1380, 1384 (Fed. Cir. 2022) ("The duplicative-litigation doctrine prevents plaintiffs from 'maintain[ing] two

---

[2] Paragraph 50 of *Gebregzi II*'s Complaint is incomplete, though everything in the incomplete version of the allegation is contained in Paragraph 31 of *Gebregzi I*'s FAC.

4

327080913v.1

separate actions involving the same subject matter at the same time in the same court ... against the same defendant.'" (citations omitted)).

Plaintiff's filing of the *Gebregzi II* Complaint is a clear attempt to circumvent the Federal Rules of Civil Procedure, circumvent this Court's jurisdiction, and effect the amendments she unsuccessfully sought to file earlier. Despite only ever being denied leave to amend in *Gebregzi I* on account of procedural errors with her motions, and despite the Court's *four* invitations to properly move for leave to amend, Plaintiff never even attempted fix the errors and provide a substantive reason as to why leave to amend should be granted.

KFH files this Notice to alert the Court to the existence of *Gebregzi II*. It reserves all available rights to address Plaintiff's and her counsel's vexatious conduct in the appropriate manner and forum, including removing *Gebregzi II*, moving to dismiss, and seeking costs and fees resulting therefrom.

DATED: July 9, 2026                              SEYFARTH SHAW LLP

                                                 By: */s/ James Sobolov*
                                                     Christian J. Rowley
                                                     G. Daniel Newland
                                                     Tara R. Mirchandani
                                                     James Sobolov

                                                     Attorneys for Defendant KAISER
                                                     FOUNDATION HOSPITALS (improperly
                                                     named as KAISER FOUNDATION
                                                     HOSPITAL D/B/A KAISER PERMANENTE
                                                     OAKLAND MEDICAL CENTER

5

KFH'S NOTICE OF CASE REFILING IN STATE COURT

327080913v.1