SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
E-mail:  crowley@seyfarth.com
G. Daniel Newland (State Bar No. 087965)
Email: dnewland@seyfarth.com
Tara R. Mirchandani (SBN 370477)
E-mail: tmirchandani@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
James Sobolov (SBN 352529)
jsobolov@seyfarth.com
601 South Figueroa Street, Suite 3300 Los Angeles,
California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS (improperly
named as KAISER FOUNDATION HOSPITAL D/B/A
KAISER PERMANENTE OAKLAND MEDICAL
CENTER)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNA GEBREGZI,<br><br>                    Plaintiff,<br><br>        v.<br><br>KAISER FOUNDATION HOSPITAL, D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER, ANA HOUSE, AND LIONEL HOYTE<br><br>                    Defendants. | Case No. 4:24-cv-06322-JSW<br><br>**DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF ERRATA RE EXHIBITS A AND B OF NOTICE OF REFILING IN ALAMEDA COUNTY SUPERIOR COURT**<br><br>Judge:    Judge Jeffrey S. White |

DEFENDANT ' KAISER FOUNDATION HOSPITALS' NOTICE OF ERRATA - Case No. 4:24-CV-06322-JSW

327083439v.1

Defendant KAISER FOUNDATION HOSPITALS hereby submit this Notice of Errata to correct an inadvertent omission in the Notice of Case Refiling in Alameda Superior Court filed on July 9, 2026 (Dkt. No. 57). Due to a clerical oversight, the Notice did not include either of the two exhibits (Exhibits A and B, respectively) meant to be attached. Defendant respectfully submits the corrected notice in full, including both exhibits, attached hereto as **Exhibit 1**.

No other changes have been made to the document.

DATED: July 9, 2026                                  SEYFARTH SHAW LLP

By: */s/ James Sobolov*
    Christian J. Rowley
    G. Daniel Newland
    Tara R. Mirchandani
    James Sobolov

    Attorneys for Defendant KAISER
    FOUNDATION HOSPITALS (improperly
    named as KAISER FOUNDATION
    HOSPITAL D/B/A KAISER PERMANENTE
    OAKLAND MEDICAL CENTER

1

# EXHIBIT 1

SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
E-mail: crowley@seyfarth.com
G. Daniel Newland (State Bar No. 087965)
Email: dnewland@seyfarth.com
Tara R. Mirchandani (SBN 370477)
E-mail: tmirchandani@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
James Sobolov (SBN 352529)
jsobolov@seyfarth.com
601 South Figueroa Street, Suite 3300 Los Angeles,
California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601


Attorneys for Defendant
KAISER FOUNDATION HOSPITALS (improperly
named as KAISER FOUNDATION HOSPITAL D/B/A
KAISER PERMANENTE OAKLAND MEDICAL
CENTER)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNA GEBREGZI,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITAL, D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER, ANA HOUSE, AND LIONEL HOYTE<br><br>Defendants. | Case No. 4:24-cv-06322-JSW<br><br>**DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF CASE REFILING IN ALAMEDA SUPERIOR COURT**<br><br>Judge:    Hon. Jeffrey S. White |

327080913v.1

**TO THE COURT, PLAINTIFF, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 3, 2026, Plaintiff, Hanna Gebregzi, represented by the same counsel as in this action, filed a new complaint for money damages in Alameda County Superior Court asserting claims based on the same facts and controversy at issue in this matter, Case No. 26CV192076 ("*Gebregzi II*"). Defendant Kaiser Foundation Hospitals ("KFH") contends the new filing is an improper attempt to circumvent the Court's multiple denials of Plaintiff's attempts to amend *Gebregzi I*, despite the Court providing Plaintiff repeated chances to correct procedural errors with her attempts to amend.

### A.  Background on *Gebregzi I*

As background, Plaintiff initiated the above-captioned action ("*Gebregzi I*") on June 7, 2024 by filing a Complaint for Money Damages against KFH as well as Defendants Ana House and Lionel Hoyte in Alameda County Superior Court, Case No. 24CV079321. Plaintiff filed a First Amended Complaint ("FAC") on August 5, 2024. (*See* Dkt. 1-1.) KFH removed the action to this Court on September 6, 2024. (Dkt. 1.)

The *Gebregzi I* FAC asserts seven causes of action for: (1) Harassment in Violation of CA FEHA (Gov. Code Sec 12923, 12940(J)); (2) Discrimination in Violation of CA FEHA (Gov. Code Sec. 12900-12951, 12927-12928, 12955-12956.1 & 12960-12976); (3) Retaliation in Violation of CA Lab. Code Sec. 11021; (4) Workplace Defamation; (5) Constructive Discharge; (6) Constructive Termination; and (7) Breach of Employment Contract. (*See* Dkt. 1-1.)

On January 3, 2025, KFH and Plaintiff filed a Joint Case Management Conference Statement and Rule 26(f) report. (Dkt. 16.) In this statement, the parties agreed that any amended pleadings would be filed by March 11, 2025, pursuant to the Court's standing order (60 days after the initial case management conference). (*Id*.)

Plaintiff subsequently attempted to amend her complaint no less than four times.

1.  On April 3, 2025, Plaintiff filed a motion for leave to amend her complaint, titled "Motion for Leave to File First Amended Complaint." (Dkt. 18.) On April 28, 2025, the Court denied Plaintiff's motion for leave to amend the FAC, without prejudice, for failure to address why good

1

327080913v.1

cause to do so after the March 11 deadline to amend existed under Federal Rule of Civil Procedure 15 and 16. (Dkt. 26.)

2. On June 5, 2025, Plaintiff filed a second motion for leave to file a second amended complaint in federal court. (Dkt. 28.) On June 5, 2025, the Court again denied Plaintiff's motion for leave to amend her complaint for failure to address why good cause to do so after the March 11 deadline to amend existed under Federal Rule of Civil Procedure 15 and 16. (Dkt. 29.)

3. On June 6, 2025, a day after the court denied his second motion for leave to amend, Plaintiff filed a third motion for leave to file a second amended complaint in federal court. (Dkt. 31.) On June 30, 2025, the Court once again denied Plaintiff's motion for leave to amend her complaint for failure to address why good cause to do so after the March 11 deadline to amend existed under Federal Rule of Civil Procedure 15 and 16. (Dkt. 35.)

4. On May 28, 2026, Plaintiff filed a purported Second Amended Complaint ("purported SAC") without leave of court or a signed stipulation from KFH. (Dkt. 50.) On June 2, 2026, the Court issued an order for Plaintiff to show cause why the Court should not strike the purported SAC. (Dkt. 51.) On June 2, 2026, Plaintiff filed a response to the court's order to show cause, blaming a filing error for the purported SAC and asking that it be struck and Plaintiff be given leave to file for leave to amend. (Dkt. 52.) On June 2, 2026, the Court issued an order striking Plaintiff's purported Second Amended Complaint. The court noted that it would not preclude Plaintiff from moving for leave to amend. (Dkt. 53.)

Plaintiff's purported Second Amended Complaint included twelve total causes of action: 1) Harassment in Violation of FEHA and Title VII of the Civil Rights Act of 1964; 2) Discrimination in Violation of FEHA and Title VII; 3) Retaliation in Violation of Title VII; 4) Failure to Accommodate in Violation of the Americans with Disabilities Act; 5) Retaliation in Violation of the Americans with Disabilities Act; 6) Invasion of Privacy – Intrusion Upon Seclusion; 7) Workplace Defamation; 8) Wrongful Termination in Violation of Public Policy; 9) Breach of Employment Contract; 10) Hostile Work Environment Harassment in Violation of Title VII; 11) Whistleblower Retaliation in Violation of CA Labor Code §1102.5; and 12) Negligent Infliction of Emotional Distress. (Dkt. 50.)

2

327080913v.1

**B. Despite the Court's Invitation to Move For Leave to Amend, Plaintiff Files A New State Court Claim Incorporating Her Attempted Amendments.**

On June 3, 2026, the day after the Court struck her purported SAC, Plaintiff filed a new claim in Alameda County Superior Court, ("*Gebregzi II*") (*See* Exhibit A.) On June 22, 2026, Plaintiff served a copy of her complaint on KFH. (*See* Exhibit B.)

Gebregzi II alleges seven causes of action for: 1) Failure to Engage In the Interactive Process in Violation of FEHA; 2) Disability Discrimination and Failure to Accommodate in Violation of FEHA; 3) Whistleblower Retaliation under CA Labor Code § 1102.5; 4) Wrongful Termination in Violation of Public Policy; 5) Intentional Infliction of Emotional Distress; 6) Negligent Infliction of Emotional Distress; and 7) Retaliation in Violation of FEHA. (*See* Exhibit A.) Of these causes of action, five are identical claims to those raised in the Gebregzi I purported Second Amended Complaint, alleging either the exact same claims or state versions of those claims. (Id.)

More damning, however, is that *Gebregzi II* alleges almost entirely identical facts to the Gebregzi I purported SAC, including:

| *Gebregzi I* Purported SAC Factual Paragraph Numbers. (*See* Dkt. 50.) | Identical *Gebregzi II* Complaint Paragraph Numbers. (*See* Exhibit A.) |
|---|---|
| 15 | 29, 53[1] |
| 16 | 35 |
| 17 | 36 |
| 18 | 37 |
| 19 | 38 |
| 20 | 39 |
| 21 | 40 |
| 22 | 41 |
| 23 | 42 |

---

[1] Plaintiff occasionally repeats allegations in the factual background of *Gebregzi II*.

3

327080913v.1

| 24 | 43 |
|----|----|
| 25 | 44 |
| 26 | 45 |
| 27 | 46 |
| 28 | 47 |
| 29 | 48 |
| 30 | 49 |
| 31 | 50[2] |
| 32 | 25, 26, 27, 51 |
| 33 | 28, 52 |
| 34 | 29, 53 |
| 35 | 54 |

**C. *Gebregzi II* is a Clear Duplicative Pleading That Attempts to Circumvent Procedural Rules and This Court's Jurisdiction.**

Courts have long held that plaintiffs shall not be permitted to file multiple complaints against the same party under the same theories. Indeed in 1894, Justice Edward Douglass White wrote:

> [A party] is not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible.

The Haytian Republic, 154 U.S. 118, 125 (1894).

Filing another action against the same defendant while one is pending is a practice simply prohibited under the duplicative litigation doctrine. *Arendi S.A.R.L. v. LG Elecs. Inc.*, 47 F.4th 1380, 1384 (Fed. Cir. 2022) ("The duplicative-litigation doctrine prevents plaintiffs from 'maintain[ing] two

[2] Paragraph 50 of *Gebregzi II*'s Complaint is incomplete, though everything in the incomplete version of the allegation is contained in Paragraph 31 of *Gebregzi I*'s FAC.

4

327080913v.1

separate actions involving the same subject matter at the same time in the same court ... against the same defendant.'" (citations omitted)).

Plaintiff's filing of the *Gebregzi II* Complaint is a clear attempt to circumvent the Federal Rules of Civil Procedure, circumvent this Court's jurisdiction, and effect the amendments she unsuccessfully sought to file earlier. Despite only ever being denied leave to amend in *Gebregzi I* on account of procedural errors with her motions, and despite the Court's *four* invitations to properly move for leave to amend, Plaintiff never even attempted fix the errors and provide a substantive reason as to why leave to amend should be granted.

KFH files this Notice to alert the Court to the existence of *Gebregzi II*. It reserves all available rights to address Plaintiff's and her counsel's vexatious conduct in the appropriate manner and forum, including removing *Gebregzi II*, moving to dismiss, and seeking costs and fees resulting therefrom.

DATED: July 9, 2026

SEYFARTH SHAW LLP

By: */s/ James Sobolov*
    Christian J. Rowley
    G. Daniel Newland
    Tara R. Mirchandani
    James Sobolov

    Attorneys for Defendant KAISER FOUNDATION HOSPITALS (improperly named as KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER

KFH'S NOTICE OF CASE REFILING IN STATE COURT – 24-CV-06322-JSW

327080913v.1

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER, ANA HOUSE, LIONEL HOYTE, YISHAMU AYELEW, JENNIFER FLOWERS, LAURA JEFFERSON, HAROLD FALSASANTOS, SUZZETTE SMITH, AND DOES 1 TO 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HANNA GEBREGZI, an individual,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| Superior Court of California |
| County of Alameda |
| 06/03/2026 |
| Chad Finke, Executive Officer / Clerk of the Court |
| By: A. Gospel Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):*<br><br>24405 Amador Street Hayward, CA 94544 | **CASE NUMBER:** *(Número del Caso):*<br><br>**26CV192076** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dylan Hackett, P.O. Box 330168 San Francisco, CA 94133, [415] 410 99 31

DATE: 06/03/2026    Clerk, by _A. Gospel_ , Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER
   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [X] other *(specify):* CCP415.95 Business Organization, Form Unknown
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

privacy, please press the Clear This Form button after y[     Print this form     Save this form     Clear this form

Dylan Hackett (SBN: 329339)
Chris Quattrociocche (SBN: 331233)
The Hackett Law Firm
P.O. Box 330168
San Francisco, CA 94133
(415) 410-9931
(213) 782-8876
dylanhackett@hackettfirm.com
cquattrociocche@hackettfirm.com

*Attorneys for Plaintiff, Hanna Gebrezgi,*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
06/03/2026 at 12:30:13 PM
By: Andrel Gospel,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| HANNA GEBREGZI, an individual,<br><br>PLAINTIFF,<br><br>vs.<br><br>KAISER FOUNDATION HOSPITAL D/B/A KAISER PERMANENTE OAKLAND MEDICAL CENTER, ANA HOUSE, LIONEL HOYTE, YISHAMU AYELEW, JENNIFER FLOWERS, LAURA JEFFERSON, HAROLD FALSASANTOS, SUZZETTE SMITH, AND DOES 1 TO 50,<br><br>DEFENDANTS. | Case No.: 26CV192076<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL<br><br>1. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS<br>2. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE<br>3. WHISTLEBLOWER RETALIATION<br>4. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>7. RETALIATION |

TO THE HONORABLE COURT, PLAINTIFFS, HANNA GEBREGZI,

COMPLAINING OF THE DEFENDANTS, ALLEGE AND STATE THE FOLLOWING:

### INTRODUCTION

1. Plaintiff Hanna Gebregzi ("Plaintiff") brings this action against Defendants Kaiser

Foundation Hospital d/b/a Kaiser Permanente Oakland Medical Center ("Kaiser

Permanente"), Ana House, Lionel Hoyte, Yishamu Ayalew, Jennifer Flower, Laura

Jefferson, Suzzette Smith, and DOES 1 through 50 arising from unlawful disability

discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, whistleblower retaliation, invasion of privacy, and wrongful termination in violation of public policy.

2. Plaintiff is a Registered Nurse who consistently advocated for patient safety, compliance with healthcare regulations, accurate documentation practices, and adherence to workplace policies. Throughout her employment, Plaintiff repeatedly reported unsafe patient-care practices, falsified documentation, management misconduct, privacy violations, retaliatory conduct, and workplace conditions that she reasonably believed endangered patients and violated applicable laws, regulations, and hospital policies.

3. Plaintiff further exercised protected rights by requesting reasonable accommodations associated with her diagnosed Post-Traumatic Stress Disorder ("PTSD"), participating in modified-duty assignments, and seeking assistance to successfully reintegrate into the workplace following protected medical leave.

4. Rather than investigate Plaintiff's complaints or engage in good-faith efforts to accommodate her disability, Defendants subjected Plaintiff to escalating retaliation, fabricated disciplinary allegations, invasive privacy violations, administrative leave, suspension, hostile treatment, public humiliation, and ultimately termination.

5. Defendants ignored corroborating witness statements, failed to discipline employees engaged in misconduct, disregarded evidence contradicting accusations against Plaintiff, and repeatedly targeted Plaintiff after she engaged in protected activities.

6. Defendants' conduct caused Plaintiff substantial economic damages, lost wages and benefits, emotional distress, humiliation, embarrassment, mental anguish, damage to her professional reputation, and other compensable injuries.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. Plaintiff was employed by Kaiser Permanente Oakland Medical Center at all relevant times.

9. Plaintiff performed her job duties competently and consistently met the legitimate expectations of her employer.

10. Plaintiff suffers from PTSD, which constitutes a disability within the meaning of the Americans with Disabilities Act and the California Fair Employment and Housing Act.

11. Defendants were aware of Plaintiff's disability through medical leave documentation, modified-duty assignments, accommodation requests, communications with management, and workplace interactions.

12. Plaintiff was able to perform the essential functions of her position with reasonable accommodations.

13. Plaintiff repeatedly engaged in protected activity by reporting patient-safety concerns, management misconduct, privacy violations, falsified documentation, retaliatory conduct, and workplace policy violations.

## JURISDICTION AND VENUE

14. This This Court has jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution because the amount in controversy exceeds the jurisdictional minimum of this Court and Plaintiff seeks damages and equitable relief arising from violations of California statutory and common law.

15. Venue is proper in the Superior Court of California, County of Alameda, pursuant to Code of Civil Procedure sections 395 and 395.5 because Defendants conduct business

PAGE 3 OF 25
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
GEBREZGI V. KAISER HOSPITAL FOUNDATION, HOUSE, HOYTE, AYELEW, FLOWERS, JEFFERSON, FALSASANTOS, SMITH, AND DOES 1 TO 50

within Alameda County, the acts and omissions giving rise to Plaintiff's claims occurred within Alameda County, and Plaintiff was employed at Kaiser Permanente Oakland Medical Center located within Alameda County.

16. This Court has personal jurisdiction over Defendants Kaiser Foundation Hospital, Yishamu Ayelew, Ana House, Suzzette Smith, Jennifer Flower, Laura Jefferson, Harold Falsasantos, and Lionel Hoyte, as they reside and conduct substantial business in Alameda County.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Plaintiff timely exhausted all administrative remedies required by law.

18. Plaintiff timely filed a complaint with the California Civil Rights Department ("CRD") concerning the discriminatory, retaliatory, and unlawful conduct alleged herein.

19. The California Civil Rights Department issued Plaintiff a Right-to-Sue Notice.

20. Plaintiff has satisfied all conditions precedent necessary to maintain this action.

21. To the extent any additional exhaustion requirements apply, Plaintiff has satisfied, substantially complied with, or is excused from such requirements.

## STATEMENT OF FACTS

22. Plaintiff was employed by Defendant Kaiser Foundation Hospital, d/b/a Kaiser Permanente Oakland Medical Center ("Kaiser Permanente") at all relevant times.

23. On November 7, 2023, Plaintiff witnessed a patient inform Defendant Laura Jefferson that Nurse Eucharia Vixon had falsified documentation in a manner that could have endangered the patient's life. Plaintiff prepared and submitted a written statement and incident report documenting the issue.

24. Rather than investigate the report or address the underlying patient-safety concern, Defendant Jefferson failed to take corrective action against Nurse Vixon and instead began targeting Plaintiff.

25. On November 9, 2023, Plaintiff organized a staff meeting with Perioperative Director Lionel Hoyte to address unsafe workplace practices and management misconduct.

26. Multiple nurses participated in the meeting and raised concerns regarding unsafe working conditions and management practices under Defendant Jefferson's supervision.

27. Plaintiff thereafter submitted multiple unsafe-practice reports identifying Defendant Jefferson and documenting concerns regarding patient safety and workplace conditions.

28. Following Plaintiff's reports, Defendant Jefferson retaliated against Plaintiff by deleting previously approved vacation requests, denying access to overtime opportunities, preventing Plaintiff from serving as charge nurse, fabricating complaints, interrupting orientation activities, micromanaging Plaintiff's work, and generating false written allegations concerning Plaintiff.

29. On February 12, 2024, at approximately 7:00 PM, Plaintiff was approached by Certified Nurse Assistant Yishamu Ayalew, who scheduled a meeting without notifying Plaintiff in advance. During the meeting, Defendant Ayalew aggressively accused Plaintiff of harassment and abuse in a hostile and unprofessional tone. Bernard and Sabrina witnessed this interaction. Plaintiff had no prior interaction with Defendant Ayalew before this confrontation.

30. Following the meeting, Plaintiff informed Charge Nurse Jennifer Abestallias that she was leaving the unit because she felt unsafe. Plaintiff requested that the incident be formally documented.

31. Later that evening, Charge Nurse Jennifer Abestallias insisted that Plaintiff speak with both her and Defendant Ayalew in a private area to resolve the matter. Plaintiff agreed to the conversation under the understanding that it would be confidential.

32. During this second interaction, the Defendant, Ayalew, video recorded the Plaintiff without her knowledge or consent. Plaintiff did not learn of this unauthorized recording until nine months later, when it was disclosed through a Request for Information (RFI). The video was later used by Kaiser as purported evidence to support Defendant Ayalew's accusations and to impose disciplinary action against Plaintiff.

33. As Plaintiff was preparing to leave the unit that night due to the escalating hostility and unsafe environment, Defendant Ayalew physically attacked Plaintiff and verbally threatened to "get her fired." A staff member from Major Housekeeping witnessed this incident.

34. Plaintiff immediately filed additional complaints that night, documenting both the physical assault and verbal threats. She left the unit approximately one hour early after notifying Charge Nurse Jennifer Abestallias.

35. On February 13, 2024, an employee of Defendant Kaiser Permanente accessed Plaintiff's private email account without authorization through Kaiser Permanente's computer system. This email was later forwarded to management personnel Ana House and Suzzette Smith. A printed copy of the email was found in a breakroom by an Environmental Services employee.

36. On February 14, 2024, despite Plaintiff's protests regarding the unauthorized access, a copy of the same email was delivered to Perioperative Director, Defendant Lionel Hoyte. Plaintiff reported this data breach to Compliance and HR, yet no corrective action was taken.

37. On February 27, 2024, Defendant Laura Jefferson forcibly and unexpectedly removed Plaintiff from her assignment. When Plaintiff attempted to inform Defendant Ana House about the reassignment, Defendant House verbally attacked Plaintiff at the nursing station and falsely accused her of misconduct.

38. Plaintiff notified Defendant House of her discomfort and reported the incident to Operating Room Manager Harold Falcasantos and Assistant Manager Esther.

39. Despite this conduct, no disciplinary action was taken against Defendants Ayalew, House, or Hoyte. Instead, Plaintiff was placed on administrative leave.

40. Multiple witnesses submitted statements corroborating Plaintiff's version of events, confirming that she was retaliated against for reporting unsafe workplace practices and management misconduct.

41. On March 7, 2024, Plaintiff received a letter suspending her with pay. Plaintiff asserts that this suspension was retaliatory and directly tied to her reporting misconduct, privacy breaches, and unsafe conditions.

42. On March 27, 2024, a fact-finding meeting was held concerning allegations against Plaintiff. Despite a lack of evidence, Defendants falsely accused her of job abandonment and harassment.

43. Plaintiff's suspension was unjustified, as evidenced by witness testimony and documentation contradicting Defendants' claims.

44. After over a year away, including nine months on unjustified suspension and four months on modified duty for PTSD treatment, Plaintiff returned in good faith to reintegrate professionally. On June 16, 2024, immediately after completing orientation, she was abruptly placed on administrative leave again. She was escorted out of the hospital by

three managers and security, and her badge was confiscated in a degrading and retraumatizing act.

45. On June 13, 2024, during orientation, Plaintiff's preceptor stepped away and Charge Nurse Jennifer Flowers assumed supervisory responsibility. Defendant Flowers accessed and prepared physician-ordered morphine from Pyxis, co-signed waste documentation, and remained present as Plaintiff administered safe, titrated doses. The infant tolerated the medication and was later transferred without complication. Despite these facts, days later Defendant Flowers falsely accused Plaintiff of overdosing the patient—an allegation contradicted by Epic charting, Pyxis records, and Defendant Flower's own documented involvement. Plaintiff was the only one disciplined.

46. Plaintiff's email was accessed without authorization, and she was secretly recorded at work without her consent; the footage was later weaponized against her. Plaintiff was repeatedly retaliated against for reporting misconduct, while those responsible faced no accountability.

47. Plaintiff also faced repeated retaliation, hostile behavior, false accusations, and unsafe assignments under the supervision of Ana House, Laura Jefferson, and Jennifer Flowers. Despite detailed documentation, complaints, and witness statements, management obstructed her reintegration, fabricated disciplinary narratives, and targeted her for termination.

48. Defendants ignored Plaintiff's requests for proper orientation upon returning from protected medical leave. She was reassigned abruptly, subjected to fabricated allegations, denied accommodations, and repeatedly threatened with security interventions. Supervisory accountability was systematically avoided.

49. Regarding June 13, 2024, Infant Medication Protocol. If the infant had been unstable or experienced an overdose, Kaiser's standard protocol would have required activation of a Rapid Response, extended monitoring in the recovery room, administration of reversal agents, and written clearance from the anesthesia team. None of these emergency procedures were initiated because they were not warranted. The infant remained stable throughout recovery, tolerated the medication without complication, and was formally cleared by the anesthesiologist for transfer to the pediatric floor as originally planned. This clearance confirms that no overdose occurred and that the patient was clinically appropriate for discharge. Plaintiff was terminated on August 26, 2025 based on an unsubstantiated accusation.

50. On June 13, 2024, Defendant Jennifer Flowers falsely accused Plaintiff of committing a medication error involving an infant patient. This allegation was entirely unsupported by the medical record, including Epic charting, and the patient's documented clinical stability

51. On November 9, 2023, Plaintiff organized a staff meeting with Perioperative Director Lionel Hoyte to address unsafe practices and management misconduct. Multiple nurses spoke out against Defendant Laura Jefferson, citing unsafe working conditions under her supervision. Plaintiff filed several formal unsafe practice reports specifically naming Defendant Jefferson.

52. Following Plaintiff's documented complaints, Defendant Jefferson retaliated by deleting Plaintiff's previously approved vacation, denying access to extra shifts and overtime, blocking Plaintiff from serving as charge nurse, fabricating false accusations on behalf of patients, falsely claiming Plaintiff was using her phone on her first day back at Oakland, accusing Plaintiff of speaking negatively about a patient despite two other nurses being

involved in the conversation, singling Plaintiff out, interrupting her orientation, micromanaging her activities, and submitting false written statements.

53. On November 7, 2023, Plaintiff witnessed a patient inform Defendant Jefferson that Nurse Eucharia Vixon had falsified documentation in a way that could have endangered his life. Plaintiff submitted a written statement and incident report. Despite this, Defendant Jefferson took no action against Nurse Vixon and instead escalated retaliation against Plaintiff.

54. Defendant Jefferson further contributed to a hostile work environment by obstructing Plaintiff's reintegration after protected medical leave. She participated in abrupt reassignments, fabricated disciplinary narratives, and undermined Plaintiff's professional standing.

### CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
**(Violation of California Government Code § 12940(n))**

55. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

56. At all relevant times, Plaintiff suffered from PTSD, which constitutes a mental disability within the meaning of the California Fair Employment and Housing Act ("FEHA").

57. Defendants knew of Plaintiff's disability through medical documentation, protected medical leave, modified-duty assignments, communications with management, and Plaintiff's requests for accommodation.

58. Plaintiff was capable of performing the essential functions of her position as a Registered Nurse with reasonable accommodation.

59. Plaintiff successfully performed her duties during approximately four months of modified-duty work that was provided as part of her disability accommodation plan.

60. Upon returning to work, Plaintiff informed Defendants that she required continued support, accommodation, and assistance transitioning back into the workplace.

61. Plaintiff requested accommodations and support related to her PTSD and sought assistance with orientation, assignments, supervision, and workplace reintegration.

62. Defendants had an affirmative duty under FEHA to engage in a timely, good-faith interactive process designed to identify reasonable accommodations that would enable Plaintiff to perform the essential functions of her position.

63. Defendants failed to engage in a meaningful interactive process.

64. Defendants failed to meet with Plaintiff in good faith regarding accommodation options.

65. Defendants failed to explore alternative accommodations.

66. Defendants failed to evaluate whether continued modified-duty arrangements, supervisory support, scheduling modifications, or other accommodations would permit Plaintiff to successfully return to work.

67. Rather than engaging in a collaborative process, Defendants subjected Plaintiff to heightened scrutiny, abrupt reassignment, fabricated allegations of misconduct, administrative leave, and disciplinary actions.

68. Defendants ignored Plaintiff's requests for support and failed to implement accommodations that would have enabled Plaintiff to continue working.

69. Defendants' failure to engage in the interactive process prevented the identification and implementation of effective accommodations.

70. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of employment, loss of income, emotional distress, humiliation, anxiety, and other damages.

71. Defendants' conduct violated Government Code section 12940(n).

WHEREFORE, Plaintiff prays for judgement against Defendant, as hereafter set forth.

## SECOND CAUSE OF ACTION

### DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE
#### (Violation of Government Code §§ 12940(a) and 12940(m))

72. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

73. Plaintiff suffered from PTSD, which constitutes a disability within the meaning of FEHA.

74. Defendants knew Plaintiff suffered from PTSD.

75. Plaintiff was able to perform the essential functions of her position with reasonable accommodation.

76. Plaintiff successfully performed her duties while participating in a modified-duty assignment.

77. Plaintiff requested reasonable accommodations and support related to her disability.

78. Defendants failed to provide reasonable accommodations.

79. Defendants instead subjected Plaintiff to administrative leave, discipline, fabricated allegations, hostility, and termination.

80. Defendants discriminated against Plaintiff because of her disability and because of her need for accommodation.

81. Defendants violated Government Code sections 12940(a) and 12940(m).

82. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for judgement against Defendant, as hereafter set forth.

//

//

## THIRD CAUSE OF ACTION

### WHISTLEBLOWER RETALIATION
### (Violation of California Labor Code § 1102.5)

83. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

84. California Labor Code section 1102.5 prohibits employers from retaliating against employees who disclose information that they reasonably believe evidences violations of state or federal laws, regulations, rules, patient-safety standards, or public policy.

85. Plaintiff engaged in protected activity by reporting conduct that she reasonably believed violated applicable laws, regulations, patient-safety requirements, healthcare standards, privacy protections, and workplace policies.

86. On November 7, 2023, Plaintiff reported that a patient informed management that Nurse Eucharia Vixon had falsified medical documentation in a manner that could have endangered patient safety.

87. Plaintiff prepared and submitted a written statement and incident report documenting the issue.

88. On November 9, 2023, Plaintiff organized and participated in a staff meeting with Defendant Lionel Hoyte concerning unsafe workplace practices and management misconduct.

89. Multiple nurses raised concerns regarding unsafe working conditions and practices occurring under Defendant Jefferson's supervision.

90. Plaintiff submitted formal unsafe-practice reports identifying Defendant Jefferson and documenting workplace concerns.

91. Plaintiff further reported unauthorized access to her private email account, unauthorized dissemination of her personal communications, secret workplace recording, management misconduct, retaliation, and privacy violations.

92. Plaintiff disclosed these concerns to supervisors, managers, Human Resources personnel, Compliance personnel, and individuals with authority to investigate and correct misconduct.

93. Following Plaintiff's protected disclosures, Defendants engaged in a pattern of retaliatory conduct.

94. Defendant Jefferson deleted previously approved vacation requests, denied overtime opportunities, prevented Plaintiff from serving as charge nurse, fabricated complaints, interrupted orientation activities, micromanaged Plaintiff, and submitted false written statements concerning Plaintiff.

95. Defendants subjected Plaintiff to suspension, administrative leave, fabricated disciplinary investigations, false accusations, and termination.

96. Witness statements corroborated Plaintiff's reports and confirmed retaliation following her protected activities.

97. The temporal proximity between Plaintiff's disclosures and the adverse employment actions, together with the ongoing pattern of hostility and retaliation, demonstrates a causal connection between Plaintiff's protected activity and Defendants' conduct.

98. Plaintiff's protected disclosures were a contributing factor in Defendants' decisions to suspend, discipline, place on leave, and ultimately terminate Plaintiff.

99. Defendants violated Labor Code section 1102.5.

100. As a direct and proximate result of Defendants' conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, anxiety, and other damages.

WHEREFORE, Plaintiff prays for judgement against Defendant, as hereafter set forth.

## FOURTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

101. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

102. An employment relationship existed between Plaintiff and Defendant Kaiser Permanente.

103. California public policy prohibits employers from terminating employees for reporting unlawful conduct, reporting patient-safety concerns, reporting privacy violations, opposing unlawful practices, requesting reasonable accommodations, and exercising rights protected under state and federal law.

104. Plaintiff engaged in conduct protected by fundamental public policies embodied in California Labor Code section 1102.5, the Americans with Disabilities Act, the California Fair Employment and Housing Act, California privacy protections, and laws promoting patient safety and accurate medical documentation.

105. Plaintiff reported unsafe patient-care practices, falsified documentation, privacy violations, retaliation, management misconduct, and workplace policy violations.

106. Plaintiff requested accommodations related to her disability and exercised rights protected by disability-discrimination laws.

107. Defendants were aware of Plaintiff's protected activities.

108. Following Plaintiff's protected conduct, Defendants engaged in a campaign of retaliation that included suspension, administrative leave, denial of professional opportunities, fabricated allegations, hostile treatment, public humiliation, and termination.

109. Defendants ultimately terminated Plaintiff's employment.

110. The reasons offered by Defendants for Plaintiff's termination were false, unsupported by the evidence, and pretextual.

111. Plaintiff's protected whistleblowing activities, accommodation requests, reports of misconduct, and opposition to unlawful conduct were substantial motivating reasons for Defendants' decision to terminate her employment.

112. Defendants' conduct violated fundamental public policies of the State of California.

113. As a direct and proximate result of Defendants' conduct, Plaintiff suffered lost wages, lost benefits, loss of future earnings, emotional distress, humiliation, damage to professional reputation, and other damages.

WHEREFORE, Plaintiff prays for judgement against Defendant, as hereafter set forth.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

115. Defendants engaged in extreme and outrageous conduct that exceeded all bounds of conduct tolerated in a civilized society.

116. Defendants knew Plaintiff suffered from PTSD and knew Plaintiff was particularly vulnerable to emotional harm due to her disability, prior medical leave, and ongoing efforts to reintegrate into the workplace.

117. Despite that knowledge, Defendants engaged in a continuous course of retaliatory, humiliating, intimidating, and abusive conduct directed toward Plaintiff.

118. Defendants falsely accused Plaintiff of misconduct, harassment, job abandonment, and patient-care violations despite the existence of witness statements, documentation, patient records, and other evidence contradicting those allegations.

119. Defendants knowingly ignored Plaintiff's complaints regarding patient-safety concerns, privacy violations, workplace misconduct, and retaliation.

120. Defendants subjected Plaintiff to repeated hostile confrontations, including the aggressive and accusatory conduct of Defendant Ayalew, the verbal attacks by Defendant House, and the retaliatory actions of Defendant Jefferson.

121. Defendants accessed, disseminated, and utilized Plaintiff's private communications without authorization and failed to take corrective action after learning of such conduct.

122. Defendants secretly recorded Plaintiff during a workplace meeting without Plaintiff's knowledge or consent and later used that recording against Plaintiff in disciplinary proceedings.

123. Defendants repeatedly retaliated against Plaintiff for reporting misconduct and exercising protected rights.

124. Defendants removed Plaintiff from assignments, denied professional opportunities, denied overtime opportunities, revoked previously approved vacation, interfered with Plaintiff's workplace reintegration, fabricated disciplinary allegations, and subjected Plaintiff to unjustified investigations.

125. After Plaintiff completed protected medical leave and approximately four months of modified-duty work related to PTSD treatment, Defendants abruptly placed Plaintiff on administrative leave immediately after orientation and publicly escorted Plaintiff from the hospital in the presence of coworkers and security personnel.

126. Defendants confiscated Plaintiff's identification badge and treated Plaintiff as though she had engaged in serious misconduct despite the absence of evidence supporting the accusations against her.

127. Defendants further accused Plaintiff of committing a medication error involving an infant patient despite Epic charting, Pyxis records, patient records, witness testimony, and anesthesiology documentation demonstrating that the patient remained clinically stable and suffered no overdose or adverse event.

128. Defendants knew, or reasonably should have known, that their conduct would cause Plaintiff severe emotional distress.

129. Alternatively, Defendants acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress.

130. Defendants' conduct was intentional, malicious, oppressive, and undertaken with conscious disregard for Plaintiff's rights and well-being.

131. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, including humiliation, anxiety, fear, depression, emotional anguish, embarrassment, loss of sleep, loss of dignity, and exacerbation of her PTSD symptoms.

132. Plaintiff's emotional distress was substantial, enduring, and of a nature that no reasonable person should be expected to endure.

133. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount according to proof at trial.

134. The conduct of Defendants was carried out with malice, oppression, and fraud, entitling Plaintiff to an award of punitive and exemplary damages according to proof.

WHEREFORE, Plaintiff prays for judgement against Defendant, as hereafter set forth.
//
//
//
//
//
//

## SIXTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

135. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

136. Defendants owed Plaintiff a duty to exercise reasonable care in the supervision, investigation, management, and treatment of Plaintiff in the workplace.

137. Defendants further owed Plaintiff a duty to comply with applicable workplace policies, privacy protections, anti-retaliation laws, disability-accommodation obligations, and patient-safety reporting requirements.

138. Defendants breached their duties by, among other things:

   a. Failing to properly investigate Plaintiff's complaints;

   b. Failing to prevent retaliation;

   c. Failing to protect Plaintiff's confidential information;

   d. Failing to engage in a good-faith accommodation process;

   e. Conducting inadequate and biased investigations;

   f. Relying upon false or unsupported accusations;

   g. Subjecting Plaintiff to unnecessary humiliation and adverse treatment.

139. Defendants knew or reasonably should have known that their conduct created an unreasonable risk of causing Plaintiff emotional harm.

140. Defendants knew Plaintiff suffered from PTSD and nevertheless failed to act with reasonable care in their treatment of Plaintiff.

141. As a direct and foreseeable result of Defendants' negligence, Plaintiff suffered serious emotional distress, including anxiety, humiliation, embarrassment, fear, emotional anguish, sleep disturbance, mental suffering, and exacerbation of PTSD symptoms.

142. Defendants' negligence was a substantial factor in causing Plaintiff's injuries and damages.

143. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages according to proof.

WHEREFORE, Plaintiff prays for judgement against Defendant, as hereafter set forth.

## SEVENTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF
### THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

144. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

145. At all relevant times, Plaintiff engaged in protected activities under the California Fair Employment and Housing Act ("FEHA").

146. Plaintiff engaged in protected activity by requesting reasonable accommodations for her PTSD and other disability-related limitations.

147. Plaintiff engaged in protected activity by participating in the accommodation process and exercising rights protected by FEHA.

148. Plaintiff further engaged in protected activity by opposing conduct that she reasonably believed constituted unlawful discrimination, harassment, retaliation, workplace misconduct, and violations of state and federal law.

149. Defendants were aware that Plaintiff engaged in protected activities.

150. Following Plaintiff's protected activities, Defendants subjected Plaintiff to a pattern of retaliatory conduct.

151. Defendants removed Plaintiff from assignments, denied workplace opportunities, interfered with Plaintiff's orientation and reintegration efforts, denied support upon her return from protected leave, and subjected Plaintiff to heightened scrutiny.

152. Defendants further subjected Plaintiff to fabricated complaints, false accusations, retaliatory investigations, administrative leave, suspension, and disciplinary actions.

153. Defendants ignored witness statements and evidence favorable to Plaintiff while accepting unsupported allegations against her.

154. Plaintiff was publicly humiliated when she was escorted from the workplace by management personnel and security officers and had her identification badge confiscated.

155. Defendants repeatedly denied Plaintiff the support and accommodations necessary for a successful return to work following protected medical leave.

156. Defendants ultimately terminated Plaintiff's employment.

157. The adverse employment actions taken against Plaintiff occurred after and because Plaintiff engaged in protected activities under FEHA.

158. The timing of Defendants' actions, together with the pattern of hostility that followed Plaintiff's protected conduct, supports a strong inference of retaliatory motive.

159. Defendants' stated reasons for the adverse employment actions were false, pretextual, inconsistent, and unsupported by the available evidence.

160. Plaintiff's requests for accommodation, participation in protected leave, opposition to unlawful conduct, and exercise of rights protected by FEHA were substantial motivating reasons for Defendants' actions.

161. Defendants retaliated against Plaintiff in violation of Government Code section 12940(h).

162. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered loss of employment, lost wages, lost benefits, emotional distress, humiliation, anxiety, mental anguish, damage to professional reputation, and other damages according to proof.

163. The conduct of Defendants was intentional, malicious, oppressive, and carried out with conscious disregard for Plaintiff's rights, entitling Plaintiff to recover punitive damages to the fullest extent permitted by law.

WHEREFORE, Plaintiff prays for judgement against Defendant, as hereafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HANNA GEBREGZI respectfully requests judgment against Defendants, and each of them, as follows:

A. For general damages in an amount according to proof at trial;

B. For special damages in an amount according to proof at trial;

C. For compensatory damages for lost earnings, loss of earning capacity, lost employment benefits, and other economic losses according to proof;

D. For back pay, including all lost wages, salary increases, overtime opportunities, differentials, bonuses, retirement contributions, and employment benefits wrongfully withheld from Plaintiff;

E. For front pay in lieu of reinstatement, or alternatively, reinstatement to a comparable position with restoration of all seniority, benefits, and employment rights;

F. For damages arising from emotional distress, mental anguish, humiliation, embarrassment, anxiety, loss of professional reputation, and other non-economic losses according to proof;

G. For compensatory damages arising from Defendants' invasion of Plaintiff's privacy and unauthorized access, use, dissemination, and exploitation of Plaintiff's private communications;

H. For damages arising from Defendants' unlawful retaliation and interference with Plaintiff's statutory rights;

I. For punitive and exemplary damages against all individual Defendants and any employer Defendant whose officers, directors, managing agents, or decisionmakers authorized, ratified, condoned, approved, or knowingly permitted the unlawful conduct described herein;

J. For statutory damages available under applicable federal and California law;

K. For reasonable attorneys' fees pursuant to, including but not limited to:

i. California Government Code section 12965;

ii. California Code of Civil Procedure section 1021.5 where applicable;

iii. 42 U.S.C. section 12205;

iv. California Labor Code section 1102.5;

v. Any other applicable statutory or equitable authority;

L. For litigation costs and expenses incurred herein;

M. For prejudgment interest as permitted by law;

N. For post-judgment interest as permitted by law;

O. For injunctive relief requiring Defendants to cease discriminatory, retaliatory, and unlawful employment practices;

P. For injunctive relief requiring Defendants to implement policies, training, supervision, monitoring, and corrective measures designed to prevent future

violations of employee rights, privacy protections, anti-retaliation laws, disability accommodation requirements, and whistleblower protections;

Q. For declaratory relief establishing that Defendants' conduct violated Plaintiff's rights under federal and California law;

R. For such other and further relief as the Court deems just and proper.

## PUNITIVE DAMAGES ALLEGATIONS

S. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

T. The conduct of Defendants was intentional, malicious, oppressive, fraudulent, and carried out with conscious disregard for Plaintiff's rights and well-being.

U. Defendants knew Plaintiff had engaged in protected whistleblowing activity, reported patient-safety concerns, reported privacy violations, and requested disability accommodations.

V. Despite possessing that knowledge, Defendants engaged in a continuing course of conduct designed to punish, retaliate against, isolate, intimidate, and ultimately terminate Plaintiff.

W. Defendants knowingly ignored witness statements, documentary evidence, patient records, accommodation requests, and reports of misconduct that corroborated Plaintiff's position.

X. Defendants instead relied upon false allegations, incomplete investigations, fabricated disciplinary narratives, and knowingly inaccurate accusations in order to justify adverse employment actions against Plaintiff.

Y. Defendants knowingly permitted unauthorized access to Plaintiff's private communications and failed to take corrective action after learning of such conduct.

PAGE 24 OF 25
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
GEBREZGI V. KAISER HOSPITAL FOUNDATION, HOUSE, HOYTE, AYELEW, FLOWERS, JEFFERSON, FALSASANTOS, SMITH, AND DOES 1 TO 50

Z. Defendants further ratified and approved retaliatory conduct directed toward Plaintiff after she reported misconduct and exercised protected rights.

AA. The actions of Defendants were carried out with willful and conscious disregard for Plaintiff's rights under FEHA, the ADA, Labor Code section 1102.5, California privacy protections, and California public policy.

BB. The conduct of Defendants was despicable and subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights.

CC. Plaintiff therefore seeks punitive and exemplary damages in an amount sufficient to punish Defendants and deter similar conduct in the future.

DD. Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to FEHA, the ADA, California Labor Code section 1102.5, and other applicable provisions of law.

EE. Plaintiff is further entitled to recover all litigation expenses reasonably incurred in prosecuting this action.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED: June 2, 2026

Respectfully Submitted,

**The Hackett Law Firm**

_Dylan Hackett_

Dylan Hackett, Esq.
Chris Quattrociocche, Esq.
Attorneys for Plaintiff, Hanna Gebrezgi

PAGE 25 OF 25
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
GEBREZGI V. KAISER HOSPITAL FOUNDATION, HOUSE, HOYTE, AYELEW, FLOWERS, JEFFERSON, FALSASANTOS, SMITH, AND DOES 1 TO 50

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 2, 2026

Dylan Hackett

ɪ

RE:   **Notice to Complainant's Attorney**
      CRD Matter Number: 202606-35453502
      Right to Sue: Gebregzi / KAISER PERMANENTE LLC

Dear Dylan Hackett:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

June 2, 2026

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202606-35453502
Right to Sue: Gebregzi / KAISER PERMANENTE LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 2, 2026

Hanna Gebregzi

,

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202606-35453502
Right to Sue: Gebregzi / KAISER PERMANENTE LLC

Dear Hanna Gebregzi:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective June 2, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/11)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Hanna Gebregzi

                      Complainant,

vs.

KAISER PERMANENTE LLC

  '

                      Respondents

CRD No. 202606-35453502

---

**1.** Respondent **KAISER PERMANENTE LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Hanna Gebregzi**, resides in the City of , State of .

**3.** Complainant alleges that on or about **April 30, 2025**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's other, disability (physical, intellectual/developmental, mental health/psychiatric), sexual harassment.

**Complainant was discriminated against** because of complainant's sex/gender, other and as a result of the discrimination was terminated, reprimanded, asked impermissible non-job-related questions, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, forced to quit, denied hire or promotion, reprimanded, suspended, asked impermissible non-job-related questions, other, denied work opportunities or assignments.

**Additional Complaint Details:**

-1-
*Complaint – CRD No. 202606-35453502*

Date Filed: June 2, 2026

CRD-ENF 80 RS (Revised 2025/11)

VERIFICATION

I, **DYLAN HACKETT**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On June 2, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**SAN FRANCISCO, CA**

-2-
*Complaint – CRD No. 202606-35453502*

Date Filed: June 2, 2026

CRD-ENF 80 RS (Revised 2025/11)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 329339 | *FOR COURT USE ONLY* |
|---|---|---|

NAME: Dylan Hackett

FIRM NAME: The Hackett Law Firm

STREET ADDRESS: P.O.Box 330168

CITY: San Francisco    STATE: CA    ZIP CODE: 94133

TELEPHONE NO.: [415] 410 99 31    FAX NO.:

EMAIL ADDRESS: dylanhackett@hackettfirm.com

ATTORNEY FOR (*name*): Plaintiff Hanna Gebregzi

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA

STREET ADDRESS: 24405 Amador Street

MAILING ADDRESS: 24405 Amador Street

CITY AND ZIP CODE: Hayward, CA 94544

BRANCH NAME:

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
06/03/2026 at 12:30:13 PM
By: Andrei Gospel,
Deputy Clerk

CASE NAME:
HANNA GEBREGZI V. KAISER FOUNDATION HOSPITAL ET AL

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) · [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter · [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 26CV192076 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

→

CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court?   ☐ Yes   ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties

b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c. ☐ Substantial amount of documentary evidence

d. ☐ Large number of witnesses

e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply):

a. ☒ monetary

b. ☐ nonmonetary; declaratory or injunctive relief

c. ☒ punitive

4. Number of causes of action (specify): F.to Engage in the Int.Process,Disability Disc.and F.to Acc.,Whistleblower Ret.,Wrongful Termination,Int.Inf.of E.Distress,Neg.Inf.of E.Distress,Retaliation

5. Is this case a class action suit?   ☐ Yes   ☒ No

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 6/3/2026

Dylan Hackett
_____
(TYPE OR PRINT NAME)

▶ *Dylan Hackett*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

---

Rev. January 1, 2026        **Civil Case Cover Sheet**        CM-010, Page 2 of 3



## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/
Wrongful Death
Uninsured Motorist (46) *(if the case involves
an uninsured motorist claim subject to
arbitration, check this item instead of Auto)*
**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/
environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians &
Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g.,
assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest)
*(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not
medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not
unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff
*(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book
accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord-tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs,
check this item; otherwise, report as
Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case
Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
· Notice of Appeal–Labor Commissioner
Appeals
**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case
involves an Employment Development
Department decision, check this item
instead of Wrongful Termination or Other
Employment)*

**Provisionally Complex Civil Litigation (Cal.
Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication
(47)
Insurance Coverage Claims *(arising from
provisionally complex case type listed
above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid
taxes)*
Petition/Certification of Entry of Judgment
on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief
Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-
tort/non-complex)*
Other Civil Complaint *(non-tort/non-
complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

# EXHIBIT B



**ERG / LABOR**
**Transmittal Number: 34343947**
**Date Processed: 06/22/2026**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Legal Department<br>Kaiser Foundation Hospitals<br>1 Kaiser Plz<br>Fl 19L<br>Oakland, CA 94612-3610 |
| **Electronic copy provided to:** | Casey Freschi<br>Erika Hernandez Ruiz<br>Barbara Estrada<br>Evelyn Arias |

| | |
|---|---|
| **Entity:** | Kaiser Foundation Hospitals<br>Entity ID Number  0460125 |
| **Entity Served:** | Kaiser Foundation Hospital d/b/a Kaiser Permanente Oakland Medical Center |
| **Title of Action:** | Hanna Gebregzi vs. Kaiser Foundation Hospital d/b/a Kaiser Permanente Oakland Medical Center |
| **Matter Name/ID:** | Hanna Gebregzi vs. Kaiser Foundation Hospital d/b/a Kaiser Permanente Oakland Medical Center (19461298) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Alameda County Superior Court, CA |
| **Case/Reference No:** | 26CV192076 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/22/2026 |
| **Answer or Appearance Due:** | 30 days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Hackett Law Firm<br>415-410-9931 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com
